EARNEST E. SMITH *vs.* COMMISSIONER OF PUBLIC WORKS OF
BOSTON.

Suffolk.    May 19, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Mandamus.    Municipal Corporations.    Boston.*

The granting of a writ of mandamus is not a matter of right but of sound judicial
discretion.

The commissioner of public works of the city of Boston is not required by the
charter of that city to expend a large sum of money for the purchase of gas
lamps and other apparatus for street illumination merely because the money
has been appropriated for that purpose by the city council, and a writ of man-
damus to compel such commissioner to spend the money for the purpose desig-
nated properly may be refused if it appears that the commissioner believes
on apparently substantial grounds that such an expenditure would be unwise
for the city.

RUGG, C. J.    This is a petition for a writ of mandamus.    It
was heard by a single justice,* who refused to issue the writ so far
as it rested in his discretion, and reported the case.

Mandamus is not a writ of right, and it is granted only in the
exercise of sound judicial discretion.    *Hill* v. *County Commission-
ers,* 4 Gray, 414.    *Murray* v. *Stevens,* 110 Mass. 95.    *McCarthy*
v. *Street Commissioners,* 188 Mass. 338, 340.    The facts are that
the city council of Boston appropriated in May, 1911, $300,000
to be expended by the department of public works for the purchase
of gas lamps and other apparatus for street illumination, and this
amount of money is now available for that use.    The respondent
as commissioner of public works has refused to make the pur-
chases authorized in this order.    He was at the time of the pas-
sage of the order conducting independent investigations as to the
most practical and economical system of municipal lighting, and
is of opinion that, because of the initial cost and maintenance ex-
pense of the equipment for illumination by gas and the necessity
for a large investment by the city, the most practical and eco-
nomical system of municipal lighting is by electricity.    It is not

* *Braley,* J.

necessary to state at length his reasons, but they may be summarized by saying that both on grounds of efficiency and economy he believes public interest will be far better served by not making the purchase authorized by the appropriation, and that a large amount of money may be saved to the municipal treasury by making a contract for electric lighting with a company which for many years past has illuminated a large portion of the city. It is plain under these circumstances that the respondent ought not to be compelled to spend this large amount of money for a purpose which according to his belief, apparently supported by substantial reasons, would be unwise for the city, unless absolutely compelled by some positive rule of law. There is no such compulsion to be found in the city charter of Boston or in the general laws of the Commonwealth. The appropriation of money for a specific purpose by the legislative department of the city of Boston does not make its expenditure mandatory on the executive officers in a case like the present. There is no provision of law which overrides the discretion exercised by the single justice.

It is not necessary to consider the numerous other grounds for refusing the writ urged by the respondent.

*Petition dismissed.*

The case was submitted on briefs. .

*R. J. Cram,* for the petitioner.

*J. J. Corbett,* for the respondent.