## JOHN A. BRATTIN *vs.* BOARD OF CIVIL SERVICE COMMISSIONERS.

Suffolk. March 19, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Mandamus. Practice, Civil,* Exceptions. *Civil Service.*

Where, on exceptions to an order by a single justice denying a petition for a writ of mandamus, evidence is not reported and there is nothing in the record to show that the order was not made as a matter of discretion upon the evidence before the single justice, the exceptions must be overruled, mandamus not being a writ of right but being addressed to sound judicial discretion and there being nothing to show an abuse of discretion.

The record, on exceptions to an order denying a petition for a writ of mandamus requiring the board of civil service commissioners to continue the name of the petitioner on the list of persons eligible to the police department of Boston, showed that, when the petition was filed, the name of the petitioner was not on any eligible civil service list from which he could have been certified, since his eligibility expired previous to the filing of the petition by virtue of paragraph 2 of rule 17 of the commission, providing that "No person shall remain eligible for more than two years upon any eligible list unless the Commission shall by vote continue the eligibility beyond said period," and no such vote had been passed by the commission as to the petitioner. *Held*, that the record showed that the board had no authority to certify the name of the petitioner for appointment and that the relief sought could not be granted.

PETITION, filed in the Supreme Judicial Court on February 3, 1922, seeking a writ of mandamus requiring the continuance of the name of the petitioner on the list of those eligible for appointment to the police department of the city of Boston.

The petition was heard by *Jenney*, J. Material facts found by the single justice are described in the opinion. The petition was ordered dismissed. The petitioner alleged exceptions.

*C. W. Crooker*, for the petitioner.

*A. C. York*, Assistant Attorney General, for the respondents.

CROSBY, J. This is a petition for a writ of mandamus against the respondents as members of the Board of Civil Service Commissioners to compel the respondent Dana, as commissioner, to certify the name of the petitioner for appointment to police service in the city of Boston as of January 12, 1920, and to compel the respondent board to take such action as may be necessary to continue further the name of the petitioner upon the list of persons eligible for such certification. The case was heard by a single justice of this court who thereafter entered the following order: "In the above entitled case it is ordered that the petition be, and the same is hereby dismissed." To this order the petitioner excepted.

The pertinent facts are as follows: At the time of the Boston police strike, so called, in September, 1919, the

petitioner was a member of the police department of the city of Boston. He then, with other members of that department, left his position, and it thereafter became vacant. At some time before January 12, 1920, he filed a new application with the civil service commission, and took, and successfully passed, the required examination; and on the last named date his name was placed on the Boston police eligible list. By letter dated January 15, 1920, he was notified by the board that his name would not be certified for appointment for police service in Boston " in view of the fact that you left your position when you were a member of the Police Department of the city of Boston. This action is taken under section 3 of Civil Service Rule 9." It further appears that on October 25, 1921, the commission placed the petitioner's name on the eligible list for appointment to the police departments of Cambridge, Brookline, and Newton, but as he was not appointed a member of any of those departments, his eligibility therefor expired under the civil service rules on January 12, 1922.

It has often been held that mandamus is not a writ of right, but is addressed to sound judicial discretion. The decision of the single justice in refusing to issue the writ cannot be reversed by this court. *Attorney General* v. *Boston,* 123 Mass. 460, 474. *McCarthy* v. *Street Commissioners,* 188 Mass. 338, 340. *Smith* v. *Commissioner of Public Works of Boston,* 215 Mass. 353.

No exception lies to a decision which is based upon judicial discretion. *Commonwealth* v. *National Contracting Co.* 201 Mass. 248. " It does not lie to compel a reversal of a decision, either interlocutory or final, made in the exercise of a lawful jurisdiction, especially where in regular course the decision may be reviewed upon a writ of error or an appeal." *Ex parte Roe,* 234 U. S. 70, 73. The contention of the petitioner that the decision in effect was a ruling of law cannot be sustained. There is nothing to show that the order dismissing the petition was not made as a matter of discretion upon the evidence before the single justice. If it be assumed that an exception lies when there has been an abuse of discretion, *Taylor* v. *Thompson,* 232 Mass. 269,

272, as the evidence before the single justice is not reported, that question is not before us.

For the reasons already stated the petition cannot be maintained. It further appears that when it was filed the name of the petitioner was not on any eligible civil service list from which he could have been certified, as his eligibility for appointment expired on January 12, 1922, by virtue of the provisions of paragraph 3 of rule 17 of the rules of the civil service commission in force at the time, wherein it was provided that " No person shall remain eligible for more than two years upon any eligible list unless the Commission shall by vote continue the eligibility beyond said period." It is not contended by the petitioner that such a vote has ever been passed by the commission, as to the petitioner. It follows that as he was not on any eligible civil service list the board had no authority to certify his name for appointment, and that the issue presented by the petition raises merely a moot question. Accordingly when the case was heard before the single justice, the relief sought could not have been granted.

It is unnecessary to consider the other grounds for refusing the writ which have been argued by the respondent.

*Exceptions overruled.*
*Order dismissing petition affirmed.*