LESTER M. PECKHAM *vs.* MAYOR OF FALL RIVER & others.

Bristol.    October 26, 1925. — November 23, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Civil Service.    Mandamus.*

Upon an appeal from the dismissal of a petition for a writ of mandamus after a hearing at which the facts were agreed upon, the sole question presented is, whether the petitioner was entitled to prevail as a matter of law on the facts agreed: so far as the order dismissing the petition rested on the element of judicial discretion, such discretion must be taken to have been exercised against the petitioner and is not subject to review.

The mere fact, that an employee of a city, certified, permanently appointed and employed under the civil service rules, who had been suspended from employment without observance by the city of the requirements of G. L. c. 31, § 43, delayed from July 12, 1924, the date of his suspension, to April 22, 1925, to bring a petition for a writ of mandamus, does not as a matter of law constitute such laches as bars the petition.

As a matter of law, one enrolled in the certified list of the public service of the Commonwealth and certified and permanently appointed to the position of ox driver in the reservoir department of a city and thereafter employed there, has a right to maintain a petition for a writ of mandamus requiring his reinstatement if, while there was work to be done which he was capable of doing and was ready to do, he was suspended from employment without observance of the requirements of G. L. c. 31,

§ 43; and he is not precluded from that right if, eight months after his suspension and about six weeks before the petition for the writ of mandamus was filed, the only yoke of oxen owned by the city was sold.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on April 22, 1925, for a writ of mandamus directing the mayor and commissioners of the reservoir commission of Fall River to reinstate the petitioner "in his employment as ox driver in the reservoir department of said city and to perform the public duty to continue his employment which rests upon them."

The respondents answered. The case was heard by *Wait*, J., the parties agreeing upon the facts at the hearing. Material facts are described in the opinion. By order of the single justice, the petition was dismissed. The petitioner appealed.

*T. C. Crowther*, for the petitioner.

The respondents submitted the case without argument or brief.

RUGG, C.J. This is a petition for a writ of mandamus, filed on April 22, 1925, whereby the petitioner seeks reinstatement in employment by the city of Fall River. The facts agreed at the hearing were that the petitioner was enrolled in the classified list of the public service of the Commonwealth and was certified and permanently appointed to the position of ox driver in the reservoir department of the city of Fall River on April 27, 1923, under the provisions of the civil service law, and was so employed until July 12, 1924, when he was suspended without notice and without a hearing, and that he has since been refused employment in that department although there was work to be done which he was capable of doing and was ready to do. On March 14, 1925, the one yoke of oxen in the department was sold. It might be inferred from these facts that the petitioner had other duties than those of actually driving oxen. But the record contains no definition of the duties of ox driver other than what may be inferred from the word itself.

The single justice, after a hearing on these agreed facts, ordered that the petition be dismissed. Exception by the petitioner to this order brings the case here. The question thus presented is, whether the petitioner is entitled to pre-

vail as matter of law on the facts agreed. So far as the order dismissing the petition rests on the element of judicial discretion, it was exercised against the petitioner and is not subject to review. *Boucher* v. *Salem Rebuilding Commission,* 225 Mass. 18. *Lawrence* v. *Board of Registration in Medicine,* 239 Mass. 424, 427.

Mandamus is not a writ of right. It is an extraordinary remedial process granted only in the exercise of sound judicial discretion in cases where full and adequate relief cannot be afforded by resort to some other method of redress. *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162, 164. *Smith* v. *Commissioner of Public Works of Boston,* 215 Mass. 353. *Daly* v. *Mayor of Medford,* 241 Mass. 336, 339. *Brattin* v. *Board of Civil Service Commissioners,* 249 Mass. 170.

The petitioner held employment in the classified public service of a city in this Commonwealth. He was entitled to the protection afforded by the civil service law. He could not lawfully be suspended "except for just cause, and for reasons specifically given him in writing within twenty-four hours" after such suspension. If and when written notice of that nature had been given, he as of right could have had a public hearing before the suspending officer or board, with right to a review of that decision by a district court. G. L. c. 31, §§ 43, 45. *Murray* v. *Justices of the Municipal Court of Boston,* 233 Mass. 186.

There was no attempt to comply with the requirements of the statute in suspending the petitioner, and he was given no opportunity for a hearing. Commonly failure to observe the essential mandates of the statute entitles an employee or officer protected by the civil service law to relief by mandamus. Performance of the requirements of the statute constitute conditions to the lawful exercise of the right of suspension. *Ransom* v. *Mayor of Boston,* 193 Mass. 537. *Hill* v. *Mayor of Boston,* 193 Mass. 569. *Ransom* v. *Boston,* 196 Mass. 248. *Thomas* v. *Municipal Council of Lowell,* 227 Mass. 116, 118. *Stiles* v. *Municipal Council of Lowell,* 229 Mass. 208, 210. *Tucker* v. *Boston,* 223 Mass. 478, 480. *Connell* v. *Board of Public Works of Everett,* 234 Mass. 491, 492. *Moloney* v. *Selectmen of Milford, ante,* 400.

If the petitioner had brought this petition immediately after his suspension, he would have been entitled to relief. His delay from the date of his suspension on July 12, 1924, to April 22, 1925, standing alone, does not bar relief nor import laches. *Hill* v. *Mayor of Boston,* 193 Mass. 569, 574. *Ransom* v. *Mayor of Boston,* 193 Mass. 537.

The circumstance that about six weeks before the petition was filed the only yoke of oxen owned by the city was sold, as an isolated fact does not overcome the general equity in favor of the petitioner. Municipal officers cannot frustrate the plain legislative intent as to notice to a discharged or suspended employee under the civil service rules. The appropriate procedure for trying out all questions involved in a removal or suspension of one entitled to the protection of the civil service law is that provided by the statute. G. L. c. 31, §§ 43, 44, 45. That procedure affords the exclusive remedy when it is available. *McLaughlin* v. *Mayor of Cambridge, ante,* 193. It is wrong to deprive such an employee of the opportunity to resort to that procedure. But when, by not receiving the required statement in writing of the reasons for removal or suspension, the employee cannot avail himself of the procedure then afforded, he may resort to remedy by mandamus. *Moloney* v. *Selectmen of Milford, supra.*

The provisions of G. L. c. 31, § 26, differ in some particulars from those of §§ 43–45, but, in the particulars here involved, there is no material dissimilarity. It was held in *Cassidy* v. *Transit Department of Boston,* 251 Mass. 71, that failure to give notice and hearing as provided by § 26 required the issuance of a peremptory writ of mandamus even though the employee was in truth discharged because of lack of work. "He still had the statutory right to notice and hearing." That decision on this point is indistinguishable in its essentials from the case at bar and governs its disposition. It follows that the petitioner is entitled to reinstatement. His suspension or removal can be accomplished only in the way pointed out in §§ 43–45.

*Exceptions sustained.*