HARRY F. BLACKWELL *vs.* MAYOR OF BOSTON.

Suffolk.    March 17, 1927. — October 14, 1927.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Mandamus. Practice, Civil,* Exceptions.

Mandamus is not a writ of right; it is granted only in the exercise of sound judicial discretion.

No question of law was presented by a record showing merely a petition for a writ of mandamus to compel the mayor of Boston to issue to the

petitioner a license to use as a public dance hall premises leased to him, wherein the petitioner alleged that the premises were suitable and met all the requirements of the building laws of the city, that the application was duly filed and that in accordance with the law and statutes pertaining to the granting of licenses for public dance halls the mayor was required to grant such licenses if applications therefor were made in proper form and manner and said premises conformed to the building laws of the city of Boston, and could not legally or arbitrarily refuse to grant said license; an answer by the respondent; an agreement by the respondent that the allegations of the petitioner were true; an order by a single justice of this court that the petition be dismissed, and an exception by the plaintiff to such an order: the order well might have issued in the exercise by the single justice of his sound discretion.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 15, 1927, for a writ of mandamus to compel the respondent mayor of Boston to issue to the petitioner a license to conduct a public dance hall, the petitioner alleging in substance that he was a resident of Lowell and the lessee for a term of years of the second floor at 72–94 Cambridge Street in Boston, that he had duly filed a petition with the respondent, the mayor of Boston, for a license to use the leased premises for a public dance hall; that the premises were suitable for that purpose and satisfied all requirements of the building laws of the city of Boston for the use aforesaid of a public dance hall; that in accordance with the law and statutes in respect to and pertaining to the granting of licenses for public dance halls the mayor was obligated and required to grant such licenses if applications therefor were made in proper form and manner and said premises conformed to the building laws of the city of Boston, and could not legally or arbitrarily refuse to grant said license; but that the respondent had refused to grant the license.

Proceedings before *Carroll,* J., are stated in the opinion. The petition was dismissed. The petitioner alleged exceptions.

The case was submitted on briefs.

*W. L. Allen,* for the petitioner.

*S. Silverman,* Assistant Corporation Counsel, for the respondent, made a statement without argument or brief.

RUGG, C.J.   This is a petition for a writ of mandamus whereby the petitioner seeks to compel the respondent as

mayor of Boston to issue to him a license to use as a public dance hall premises leased by him. The hearing before the single justice was upon petition, answer and agreement by counsel for respondent that all the allegations of fact in the petition were true. Thereupon the single justice entered an order that the petition be dismissed. The petitioner excepted to this order and thus the case is before us.

No question of law is presented on this record. No ruling of law appears to have been made. It well may be that the single justice in the exercise of sound judicial discretion determined that the public welfare did not require that this extraordinary judicial power be put forth for the licensing of a public dance hall and did not reach the consideration of any point of law. There is nothing to indicate abuse of judicial discretion.

Mandamus is not a writ of right. It is granted only in the exercise of sound judicial discretion. *Smith* v. *Commissioner of Public Works of Boston,* 215 Mass. 353, and cases there collected. *Brattin* v. *Board of Civil Service Commissioners,* 249 Mass. 170, 172. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 592, and cases collected. *Toothaker* v. *School Committee of Rockland,* 256 Mass. 584, 592. *Brooks* v. *Secretary of the Commonwealth,* 257 Mass. 91.

*Exceptions overruled.*