JOHN J. BLAKE *vs.* WILLIAM P. HAMMERSLEY.

Bristol.    October 22, 1934. — October 25, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Mandamus. Practice, Civil, Exceptions.*

The petitioner in a petition for a writ of mandamus excepted merely to an order by a single justice denying the petition, and the record before the full court contained only the petition, an answer denying some allegations of the petition which it was necessary for the petitioner to sustain, the denial of the petition after a hearing, and the statement of the petitioner's exception. *Held*, that no error of law nor abuse of discretion was disclosed.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on April 21, 1933, for a writ of mandamus. The petition was heard by *Wait*, J., and was denied.

The petitioner alleged an exception only to the denial of the petition.

*T. C. Crowther*, for the petitioner.

*F. Abramson*, for the respondent.

RUGG, C.J.   This is a petition for a writ of mandamus. The allegations of the petition are that the petitioner was duly enrolled in the classified list and certified, as a permanent employee, as a laborer in the street department of the city of New Bedford, in accordance with civil service rules and regulations; that he continued in such employment until February 1, 1933, when he received a notice from the defendant, as superintendent of streets of New Bedford, to the effect that he, holding employment in the labor service as laborer, classified under civil service rules, was "hereby suspended for the following reason: Insufficient work, necessary, ordered, or in any way directed and provided for, requiring all men certified as laborers; and others entitled to employment under Civil Service seniority rule can perform all that is required to be done until further notice"; that thereafter he was reinstated and again employed on February 23, April 6 and 8, 1933, and again suspended without written notice or an opportunity for a hearing in violation of rights secured to him by the statute; that during all the time of his suspension others not enrolled in the classified list but receiving aid from the welfare department of New Bedford have been employed as laborers.   The respondent in his answer admitted the allegations relative to employment and suspension of the petitioner on February 1, 1933, but denied that since that date he had been reinstated and again employed or suspended.   He stated that in two instances the petitioner had employment for a one-day period and has had on other dates and for emergency occasion only employment of a temporary nature not related to his civil service status and authorized by law, and that this did not constitute a resumption of his former employment which had been interrupted by suspension.   He denied the employment of needy persons receiving aid from the welfare department, and alleged with respect to such service that it had been given by such persons at the instance of the board of public

welfare without expense to or payment by the board of mayor and aldermen in whose service the respondent has official duties, and that the labor so performed was received and accepted because no compensation payment was attached thereto. The petitioner traversed the facts set forth in the answer. Upon these pleadings the case came on to be heard before a single justice who made no findings of fact but simply ordered that the petition be denied. To this the petitioner excepted.

It is the general rule that a simple exception to the refusal after a hearing to grant a petition for a writ of mandamus presents no ground for reversing the action of the single justice. Such exception raises no question of law. *Blackwell* v. *Mayor of Boston*, 261 Mass. 58, 60, and cases cited. *Jaffarian* v. *Building Commissioner of Somerville*, 275 Mass. 267, 272. The record does not set forth any evidence received at the hearing, nor does it show the facts on which the single justice acted. *Brattin* v. *Board of Civil Service Commissioners*, 249 Mass. 170. There is an element of judicial discretion in the issuance of a writ of mandamus. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590, 592. The record discloses nothing to indicate an abuse of discretion. The general finding in favor of the respondent imports a finding of all the incidental facts essential to the conclusion reached. The allegations of the petition so far as admitted by the answer fail to show any error of law in the dismissal of the petition. The petitioner was given seasonable notice of his suspension. Whether he was thereafter reëmployed was a question of fact. Nothing in *Ransom* v. *Boston*, 196 Mass. 248, or *Bois* v. *Mayor of Fall River*, 257 Mass. 471, upon which the petitioner relies, supports his contention in view of the record. It does not appear that any right secured to the petitioner under the civil service law has been violated.

*Exceptions overruled.*