DIRECT-MAIL SERVICE, INC. *vs.* COMMISSIONER OF PUBLIC
WORKS.

Suffolk.    May 12, 1936. — June 30, 1936.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Registry of Motor Vehicles.    Department of Public Works.*

A petition for a writ of mandamus, to compel the commissioner of public
works of the Commonwealth to furnish to the petitioner lists of motor
vehicle registrations upon payment of reasonable costs to the Com-
monwealth, properly was dismissed, the commissioner having no
authority to prepare and furnish such lists.

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Suffolk on January 3, 1936.

The petition was heard by *Pierce,* J., and was ordered
dismissed. The petitioner alleged exceptions.

*Herbert Parker,* (*J. Spiegel* with him,) for the petitioner.

*R. Clapp,* Assistant Attorney General, for the respondent.

CROSBY, J.    This is a petition for a writ of mandamus
brought by a corporation having a usual place of business
in this Commonwealth against the commissioner of public
works of the Commonwealth, to compel him to furnish to
the petitioner lists of motor vehicle registrations for the
year 1936 upon the payment by the petitioner of reason-
able costs to the Commonwealth. The respondent's answer
admits all the material facts which are well pleaded in the
petition, and further says, in substance, that the petitioner
has not set forth in its petition any matter or cause en-
titling it to a writ of mandamus as prayed for against the
respondent. The case was heard by a justice of this court
upon the petition as amended and the answer. No evi-
dence was offered by either party. The petitioner filed
fifteen requests for rulings. All of them were denied sub-
ject to the petitioner's exceptions. An order was entered
dismissing the petition, and the petitioner excepted.

The petition, in substance, alleges that each year since

the year 1924 the petitioner has entered into a contract with the Commonwealth through its. commissioner of public works, whereby the Commonwealth has furnished complete lists to the petitioner of the motor vehicles registered in this Commonwealth, and the petitioner has paid the Commonwealth for these lists; that for some years the established price has been $2,500; that on September 20, 1935, the petitioner submitted a bid for the contract of furnishing copies of such lists prepared by special process in numerical order for the Commonwealth, and a request to purchase a complete list of the 1936 automobile registrations; that its bid was not accepted, but the contract was awarded for the year 1936 to another corporation; that as a part of the contract made with that corporation the commissioner of public works agreed not to sell a similar list to any other person or concern; that the petitioner has requested the respondent, the registrar of motor vehicles, and the chief clerk of the registry of motor vehicles to sell to it the Commonwealth's list of automobile registrations for 1936, and has been ready and willing at all times to pay a reasonable sum for it, but they have refused to furnish such list; and that it could be furnished to the petitioner "without any additional inconvenience on the part of the commissioner of public works . . . and without any disproportionate cost to the Commonwealth."

It has frequently been held by this court that mandamus is not a writ of right, but that it is an extraordinary remedial process granted only in the exercise of sound judicial discretion when full and adequate relief cannot be had by resort to some other method of procedure. *Brattin* v. *Board of Civil Service Commissioners,* 249 Mass. 170, 172. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590. *Blackwell* v. *Mayor of Boston,* 261 Mass. 58. *Jaffarian* v. *Mayor of Somerville,* 275 Mass. 264. If the petition was dismissed as a matter of law no error appears. The single justice could not properly have granted the petitioner the relief which is sought as there is no authority given to the respondent to sell at cost or for any other sum copies of the lists of the Commonwealth of registrations of motor ve-

hicles. *Grizzard* v. *State Revenue Commission*, 177 Ga. 845. *Stewart* v. *Maybury*, 164 Wash. 500. The statutory provisions relating to the registration of motor vehicles are found in G. L. (Ter. Ed.) c. 90, § 2, as amended by St. 1932, c. 5, and St. 1933, c. 54. The right to inspect the records of the registrar is given by § 30 of the statute, which provides in part as follows: "A proper record of all applications and of all certificates and licenses issued shall be kept by the registrar at his main office, and such records shall be open to the inspection of any person during reasonable business hours." The allegation in the petition that the petitioner has requested from the respondent, the registrar of motor vehicles and the chief clerk of the registry of motor vehicles a list of the motor vehicles registered in the year 1936 and has at all times been willing to pay a reasonable price, the allegation that the refusal of the respondent to furnish such list will cause irreparable damage to the petitioner's business, and the other allegations of the petition, which need not be recited, fail to show any ground for relief. There is nothing in the cases cited by the petitioner tending to a contrary result.

. The petitioner's requests for rulings of law have all been considered. We are of opinion that none of them properly could have been granted. It results that the entry must be

*Exceptions overruled.*