SECURITY CO-OPERATIVE BANK *vs.* INSPECTOR OF BUILD-
INGS OF BROCKTON.

Plymouth. February 3, 1937. — June 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Mandamus.*

The denial by a single justice as matter of discretion of a petition for a
writ of mandamus to compel a building inspector to enforce a zoning
ordinance was not disturbed in the absence of facts entitling the peti-
tioner to the writ as matter of law or showing abuse of discretion.

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Plymouth on June 1,
1936.

The case was heard by *Pierce,* J.

*C. G. Willard,* for the petitioner.

*J. J. Dwyer,* for the respondent.

RUGG, C.J. This is a petition for a writ of mandamus to
compel the respondent, as building inspector of the city of
Brockton, to enforce the zoning ordinance of that city.
The single justice, having found the material facts, denied
the petition as matter of discretion and then reported the
case for determination by the full court.

The question presented by this form of report is whether
as matter of law the petitioner is entitled to the writ despite
the discretionary action of the single justice to the contrary.
*Boucher* v. *Salem Rebuilding Commission,* 225 Mass. 18.
*Donnelly* v. *Trustees of Boston City Hospital,* 290 Mass. 347,
350. Sometimes cases of this character come before this
court as raising a bald question of law where no element
of discretion is involved. *Ransom* v. *Mayor of Boston,* 193
Mass. 537. *Shawmut Mills* v. *Assessors of Fall River,*
271 Mass. 358. *Cochran* v. *Roemer,* 287 Mass. 500, 502.
*Clancy* v. *Wallace,* 288 Mass. 557, 559. The case at bar
does not belong to that class. When the single justice
has exercised his discretion against the issuance of the writ,

his determination will rarely be overturned. *Smith* v. *Commissioner of Public Works of Boston,* 215 Mass. 353, 354. *Brattin* v. *Civil Service Commissioners,* 249 Mass. 170, 172. *Blake* v. *Hammersley,* 288 Mass. 247, 249. Mandamus is an extraordinary writ. It is granted in the discretion of the court where no other relief is available. Whether it ought to issue is commonly a matter of discretion with the single justice before whom the hearing is held. *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162, 165. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 592. *Attorney General* v. *Boston,* 123 Mass. 460, 470, 471. *Toothaker* v. *School Committee of Rockland,* 256 Mass. 584, 592. *Blackwell* v. *Mayor of Boston,* 261 Mass. 58, 60. *Direct-Mail Service. Inc.* v. *Commissioner of Public Works,* 295 Mass. 9, 10. *McNeil* v. *Mayor & City Council of Peabody,* 297 Mass. 499. The case at bar falls within this general rule.

The substance of the petition relates to the proposed erection by one Reilly on his land of a garage for four automobiles within the area established by the zoning ordinance as the residential district. It is contended that there has been failure to comply with the requirements of the zoning ordinance and the statutes. The record is confused and unsatisfactory. It is not necessary to set out the findings at length. The zoning ordinance prohibited the erection within the residential district of a garage other than a private garage or for the storage of more than one commercial vehicle. It has been found that Reilly intends to store in the proposed garage one hearse and three noncommercial vehicles. There is force in the contention of the respondent stated in the record that he made no investigation with reference to the proposed uses of the garage because he relied upon the statement in the application of the owner that the permit to build was for a private garage, and that uses to which the garage might be put would become of consequence only after its construction. Without approving that contention, it is plain from the record as an entirety that the petitioner has failed to show an absolute right as matter of law to the issuance of the writ such as to override the discretion of the single justice. The case at bar differs

from *Cochran* v. *Roemer*, 287 Mass. 500, 502. It is one where the discretion of the single justice cannot be said to have been abused. His decision in denying the writ must stand.

*Order dismissing petition affirmed.*