PASQUALE PRENCIPE *vs.* COMMISSIONER OF YOUTH SERVICES.

Suffolk.    April 7, 1971. — June 8, 1971.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Civil Service. Words,* "Or," "In each instance."

Under G. L. c. 31, § 43 (h), providing for reimbursement of a civil service employee who has engaged an attorney and incurred expense in defending himself against an unwarranted discharge, removal, suspension, laying off, lowering in rank or compensation, "or" abolition of his position, a claimant who successfully defended against any one of several disciplinary actions was entitled to reimbursement, even though he did not successfully defend against another of such actions. [584]

Under G. L. c. 31, § 43 (h), stating that civil service employees who engage an attorney and incur expense in successfully defending themselves against any of the listed disciplinary actions shall be reimbursed for such expense, provided, however, that the amount of such reimbursement shall in no event exceed $900, and that such reimbursement "in each instance" shall be limited to a sum not to exceed $200 for a hearing by the appointing authority, a hearing by the Civil Service Commission, and judicial review by a District or Municipal Court, it was held that a claimant who was given the two hearings specified but not the judicial review was entitled to $400; and, under the following specification in (h) that "[i]n addition thereto, reimbursement in each instance shall be limited to a sum not to exceed . . . [$100] for: — (1) summons of witnesses; (2) cost of stenographic transcript; (3) any other necessary expense incurred in such defense," that the claimant, who incurred expenses for each of the enumerated categories, was entitled to the maximum of $300 additional allowable for an entire case. [584–585]

PETITION for a writ of mandamus filed in the Superior Court on March 4, 1970.

The case was heard by *Rose, J.*

*Walter H. Mayo, III,* Assistant Attorney General (*William E. Searson, III,* Assistant Attorney General, with him) for the respondent.

*Joel Z. Eigerman* for the petitioner.

REARDON, J.  The Commissioner of Youth Services has

appealed from an order of a judge of the Superior Court that a writ of mandamus issue commanding him to pay to the petitioner the sum of $700 pursuant to the provisions of G. L. c. 31, § 43 (h), as amended through St. 1968, c. 637, § 6. The case raises for the first time a question involving the construction of that statute, which provides for limited reimbursement of "[a]ny person holding office or employment under permanent appointment in the official . . . services of the commonwealth . . . who has incurred expense in defending himself against an unwarranted discharge, removal, suspension, laying off, lowering in rank or compensation, or abolition of his position, . . . if he engages an attorney for such defense . . . ." The facts were stipulated by the parties in the Superior Court.

The petitioner, the assistant superintendent of the Institute for Juvenile Guidance at Bridgewater, was the subject of eighteen charges preferred against him by the then Director of the Division of Youth Service.[1] After a hearing held pursuant to c. 31, § 43 (a), the director sustained sixteen of the eighteen charges and discharged the petitioner. After an appeal by the petitioner to the Civil Service Commission (commission), under G. L. c. 31, § 43 (b), a hearing was held before an officer of the commission, at which nine of the sixteen charges were withdrawn. The commission subsequently rendered a decision "in which it found six of the remaining seven charges not to have been sustained." It affirmed the action of the director with respect to the seventh but ruled that the discharge was not justified and modified the penalty to a suspension for one month. The petitioner subsequently made a timely and proper application to his appointing officer under § 43 (h) for reimbursement of $800 of the expenses incurred by him in his defence. The appointing authority, while not disputing the truth of his claim or asking for additional proof, has refused to pay it on advice from the Attorney General that the case does not come within § 43 (h).

---

[1] The Division of Youth Service has since become the Department of Youth Services. See St. 1969, c. 838.

The judge ruled that the petitioner was entitled to reimbursement under § 43 (h), although he had not been completely exonerated by the commission, but he construed the terms of the section limiting the amount of reimbursement as entitling him to only $700.

1. We agree with the trial judge that the petitioner's claim comes within the statute. The natural meaning of the listing of disciplinary actions connected by the disjunctive "or" is in an alternative and not a cumulative sense. Thus, if the claimant successfully defends himself against any one of the disciplinary actions invoked against him, so that that one is ultimately held to be "unwarranted," he is entitled to reimbursement. It would strain the plain meaning of the use of the disjunctive "or" to interpret it as requiring that all the disciplinary actions listed must be found to be "unwarranted"; in other words, that the claimant must be completely exonerated before he is entitled to reimbursement. There is no legislative history to suggest such a meaning was intended.

We are not persuaded by the respondent's argument that the distinction in § 43 (b) between the commission's power on the one hand to affirm or reverse the action of the appointing authority and its power on the other to "modify any penalty imposed" has been carried over to § 43 (h) so that only when the commission has reversed the action of the appointing authority can the section apply. The language of the two sections is not the same. Section 43 (h) speaks of unwarranted penalties and not of reversals of actions of the authority. In addition, there is no reason why the terminology of § 43 (b) should be imposed upon § 43 (h), for the latter section applies as well to claimants who take their defence beyond the commission to a District Court or the Municipal Court of the City of Boston under § 45.

2. The judge was also correct as to the amount of reimbursement to which the petitioner is entitled under § 43 (h). The statute provides that reimbursement is to be limited to a total of $900. It then goes on to specify that not more than $200 shall be recovered "in each instance" for a hear-

ing by the appointing authority, a hearing by the commission, and judicial review by a District or Municipal Court. We construe "instance" as an inclusive term incorporating any or all of the proceedings subsequently listed. It is not disputed that this specification allocates a maximum of $200 for each of these three proceedings, for an upper limit of $600 in any case and for $400 in the circumstances of this case. There is some difference of opinion, however, over the meaning of the next specification which reads: "In addition thereto, reimbursement in each instance shall be limited to a sum not to exceed one hundred dollars for: — (1) summons of witnesses; (2) cost of stenographic transcript; (3) any other necessary expense incurred in such defense."

This language is concededly ambiguous on its face. The judge reasoned that the specification meant to limit reimbursement to $100 for each of the enumerated categories *for the entire case,* thus interpreting "in each instance" to mean "in each case."

The judge's interpretation commends itself also to us because it allows the claimant to recover at most $900 under the two statutory specifications, the maximum limit specified in the section. He thus may receive $200 for each of the two hearings and the judicial proceeding, and $100 for each of the three enumerated categories of expenses. The statute is so framed that expenses not included within either of the two specifications would appear not to be reimbursable. On the other hand, the maximum amount properly recoverable under the two specifications should not, added together, exceed the fixed maximum total of $900. It would be inconsistent if allowable specific items of expense in specific amounts could total more than $900. Therefore, we construe the second specification as allowing a maximum of $300, so that reimbursement under both specifications will have an upper limit of exactly $900.

The respondent suggests that if the statute is applicable, the second specification properly interpreted allocates $100 for the three enumerated categories of expense *combined,* for

each of the three proceedings referred to in the first specification, thus entitling the petitioner here to $200. This interpretation is consistent with the statutory total maximum reimbursement of $900, but it is inconsistent with the format of the first specification. That specification allots amounts for each of the listed proceedings. It is unlikely that the Legislature intended in the second specification to allot amounts not by the items listed therein but by the above listed proceedings, incorporated in the phrase "in each instance."

The petitioner, who claims he is due $400 under the second specification, interprets "in each instance" to mean "in each proceeding," as does the respondent. However, he would allocate $100 to each of the three enumerated categories of expense for each of the three proceedings, giving an upper limit of $900 for second specification expenses only. Quite apart from the fact that this interpretation relies on the same doubtful meaning of "in each instance" as the respondent's, it is unacceptable because it would allow a total recovery under the specifications far in excess of the $900 maximum fixed in the statute.

*Order for judgment affirmed.*