CHARLES M. MACLEAN *vs.* TOWN OF NATICK & others.[1]

Middlesex. April 12, 1982. — July 19, 1982.

Present: HALE, C.J., GRANT, & PERRETTA, JJ.

*Civil Service. Police,* Officer's recovery of attorney's fees and expenses. *Municipal Corporations,* Officers and employees, Police.

A police officer of a town, who had been suspended from duty for four days as a penalty for violating departmental regulations, and who, through successive appeals to the board of selectmen and the Civil Service Commission, obtained reduction of the penalty to a suspension for one day, was not entitled under G. L. c. 31, § 45, to recover from the town his attorney's fees and expenses incurred in contesting the suspension. [188-190]

CIVIL ACTION commenced in the Superior Court Department on February 15, 1980.

The case was heard by *Meyer, J.,* on a motion for summary judgment.

*Charles M. MacLean,* pro se.

*Michael C. Lehane* for the defendants.

HALE, C.J. The plaintiff, a member of the Natick police department, brought an action in the Superior Court seeking $900 as partial reimbursement for attorney's fees and expenses incurred in contesting a four-day suspension from the department. The plaintiff was suspended by the chief of police[2] for violating rules and regulations of the department

---

[1] The board of selectmen and the chief of police of the town of Natick.

[2] General Laws c. 31, § 41, inserted by St. 1978, c. 393, § 11, provides, among other things, that a chief of police may suspend a civil service employee for just cause for five days or less without a prior hearing. That procedure was followed here. We do not decide whether the result we reach would be the same in the case of the imposition of a suspension exceeding five days by an appointing authority following a hearing.

in that the plaintiff, while on a special paid detail at a dance at Natick high school, was observed dancing with students while in uniform. The plaintiff appealed the suspension to the Natick board of selectmen, the appointing authority, which modified the four-day suspension to a three-day suspension. The plaintiff then appealed the three-day suspension to the Civil Service Commission, which found the three-day suspension to be excessive for the offense and modified the penalty to a suspension of one day. The plaintiff appealed the Commission's decision to the Boston Municipal Court, where it was "sustained and [the] appeal dismissed." The plaintiff then sent written requests to the defendant board of selectmen for reimbursement of legal fees and expenses incurred in those proceedings. The town failed to reimburse him, and the plaintiff filed the present action in the Superior Court, where judgment was entered on the defendant's motion under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), from which the plaintiff has appealed.

The plaintiff bases his right to recover attorney's fees and expenses on G. L. c. 31, § 45, inserted by St. 1978, c. 393, § 11. Section 45 provides that a tenured civil service employee "who has incurred expense in defending himself against an unwarranted discharge, removal, *suspension,* laying off, transfer, lowering in rank or compensation, or abolition of his position" (emphasis supplied) shall be reimbursed for that expense (subject to monetary limitations not here relevant) if the employee has engaged an attorney for his defense. The question we must answer is whether the plaintiff defended himself against an "unwarranted" four-day suspension or whether the reduction in penalty from four days to one demonstrates that the suspension should be characterized as "warranted" but too severe.

The only case interpreting § 45 is *Prencipe* v. *Commissioner of Youth Servs.,* 359 Mass. 582 (1971), decided under G. L. c. 31, § 43(*h*), as in effect prior to January 1, 1979, the predecessor to § 45 and substantively identical. *Prencipe* did not address the issue raised here; rather the Supreme Judicial Court held that a civil service employee who suc-

cessfully defends against any one of several disciplinary actions is entitled to reimbursement for legal expenses even though that employee was unsuccessful with respect to one of those actions. *Id.* at 584. The *Prencipe* case involved an employee who was discharged after sixteen charges had been brought against him. Nine of those charges were dropped by his employer when contested and six were found "not to have been sustained" by the Civil Service Commission. The Commission found that the remaining charge did not justify a discharge and modified the penalty to a one-month suspension. The court held that so long as "one [disciplinary action] is ultimately held to be unwarranted, [the employee] is entitled to reimbursement." *Id.*

We hold that the plaintiff did not successfully defend himself against an "unwarranted" suspension as that term is used in § 45 and interpreted in *Prencipe*. A suspension was warranted by his misconduct; this was demonstrated by the reviewing tribunals' actions upholding the charges against him and the sanction of suspension. That the length of the suspension was ultimately reduced from four days to one shows only that the severity of the suspension, not the suspension itself, was unjustified. This case is therefore distinguishable from *Prencipe*, which involved wholly unwarranted charges as well as a determination that one of the sanctions imposed had been too severe.

We are mindful of the policy considerations behind the civil service statutes and the intention of the Legislature under c. 31 to protect the civil service employee from partisan political control and arbitrary separation from the public service. *McNeil* v. *Mayor of Peabody*, 297 Mass. 499, 503 (1937); *Cullen* v. *Mayor of Newton*, 308 Mass. 578, 580-581 (1941). But we also recognize the interest of an appointing authority to discipline reasonably employees who have broken departmental regulations or otherwise conducted themselves in an unauthorized or prohibited manner. To award attorney's fees from the public coffers whenever an employee succeeds in having a disciplinary sanction reduced would unnecessarily bridle the effective administra-

tion of discipline within the civil service sector by encouraging litigation to contest disciplinary actions and by constraining the employer to impose a sanction which seems sure to be upheld rather than one believed to be commensurate with the infraction. We refuse to construe § 45 to provide such adverse results without an explicit requirement by the Legislature.

*Judgment affirmed.*