# DECISIONS

## OF THE

## SUPREME JUDICIAL COURT

### OF

## MASSACHUSETTS

Town of Middleton & others[1] vs. Deputy
Commissioner of the Division of Capital Planning
and Operations & others.[2]

Essex. October 5, 1989. - November 6, 1989.

Present: Liacos, C.J., Wilkins, Nolan, Lynch, & Greaney, JJ.

*Commonwealth*, Contracts. *Contract*, Public works. *County*, Commission-
ers. *Practice, Civil*, Relief in the nature of mandamus.

In an action by a town and a group of its citizens and taxpayers, alleging
that the proposed acquisition of a site for a new Essex County jail
would violate G. L. c. 7, §§ 40D, 40K, 40L, and 40M (Ward Commis-
sion legislation), the plaintiffs' claims were governed by the decision of
this court in *Brennan* v. *The Governor*, 405 Mass. 390 (1989). [3-4]
In an action by a town and a group of its citizens and taxpayers seeking to
require State officials to comply with G. L. c. 7, §§ 40D, 40K, 40L, and

---

[1]Twenty-six citizens and taxpayers of the Commonwealth.
[2]The associate deputy commissioner of the Division of Capital Planning
and Operations and the county commissioners of Essex County.

40M (Ward Commission legislation), the judge acted within his discretion in denying relief in the nature of mandamus. [4-5]

A complaint seeking to require certain State and county officials to comply with G. L. c. 7, §§ 40D, 40K, 40L, and 40M (Ward Commission legislation), stated no claim against the defendant county commissioners. [5-6]

CIVIL ACTION commenced in the Superior Court Department on August 22, 1988.

The case was heard by *Richard S. Kelley*, J., on motions for summary judgment and for dismissal.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jerry E. Benezra* for the plaintiffs.

*Lawrence P. Fletcher-Hill*, Assistant Attorney General, for the Deputy Commissioner of the Division of Capital Planning and Operations & another.

*John Foskett* for county commissioners of Essex County.

GREANEY, J. This case involves the acquisition of a site for the new Essex County jail and house of correction in the town of Middleton. The plaintiffs filed a verified complaint in the Superior Court against the defendants asserting jurisdiction pursuant to G. L. c. 29, § 63 (1988 ed.) (taxpayers' suit); G. L. c. 214, § 1 (1988 ed.) (general equity power); G. L. c. 249, § 5 (1988 ed.) (action in the nature of mandamus); and G. L. c. 231A, §§ 1, 2 (1988 ed.) (declaratory judgment). The plaintiffs alleged that the actions of the defendants in spending, and committing to spend, public funds on the new jail violated G. L. c. 7, §§ 40D, 40K, 40L, and 40M (Ward Commission legislation). See St. 1980, c. 579. The plaintiffs also asserted that the State defendants had failed to comply, without justification, with the obligations imposed directly on them by the Ward Commission legislation. The action sought a declaratory judgment; an injunction prohibiting all the defendants from proceeding with the jail project pending compliance with the Ward Commission legislation; and an order directing the deputy commissioner to complete the various matters required by that legislation.

406 Mass. 1                                    3

Middleton *v.* Deputy Commissioner of the Division of Capital Planning and Operations.

The plaintiffs and the State defendants filed cross-motions for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 822 (1974). The county commissioners filed a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). A judge of the Superior Court denied the plaintiffs' motion and allowed the motions filed by the State defendants and the county commissioners. The plaintiffs have appealed. We transferred the case to this Court on our own motion.

1. The questions raised by the complaint were decided in *Brennan* v. *The Governor*, 405 Mass. 390 (1989). In the *Brennan* decision, we concluded that the failure of the deputy commissioner to effect compliance with the provisions of G. L. c. 7, §§ 40K, 40L, and 40M, did not operate to preclude the Commonwealth from proceeding to acquire land to construct a new medium security prison in the town of New Braintree. We noted in *Brennan, supra* at 395, that "there is no language in any of these sections indicating that the Legislature intended any particular consequence to result from the deputy commissioner's failure . . . to comply" with the requirements specified therein. We held, therefore, that the provisions of the Ward Commission legislation were not mandatory prerequisites, and found summary judgment appropriate where the plaintiffs could not show that the State defendants had violated a specific provision of State law which rendered their proceeding with the project an unlawful exercise of power under G. L. c. 29, § 63. See *id.* at 396.

This reasoning applies to all the claims made by the taxpayers in this case, including their reliance on G. L. c. 7, § 40D, a provision not involved in the *Brennan* case, which directs the deputy commissioner, no less often than once every three months, to prepare a report on the progress of all capital facility projects.

The taxpayers' claims are not enhanced by their attempt to distinguish the *Brennan* decision. They argue that the enabling statute in that case (St. 1986, c. 658) expressly required the division of capital planning and operations to comply with G. L. c. 7, § 39A (feasibility study), and thus,

arguably, by its failure to mention expressly the other provisions of the Ward Commission legislation, did not require compliance with those provisions. By comparison, they maintain that the enabling statute in this case (St. 1986, c. 153) did not expressly single out any particular provision of the Ward Commission legislation, and thus, arguably, required the division to comply with all its provisions.

The flaw in this reasoning lies in the nature of the Ward Commission legislation. That legislation does not establish conditions precedent to the expenditure of funds on capital projects in the absence of a specific legislative direction to that effect either in G. L. c. 7 or in the special enabling act authorizing the particular project. As the judge in the Superior Court, noted, "if the Legislature had wanted to tinker around with the requirements of the DCPO process relating to the land selection for the New Essex County Jail, it knew how to do it." Statute 1986, c. 153, the enabling act authorizing the construction of the new Essex County facility, imposes no special conditions on the transfer of the Middleton site. In fact, the legislation assumes the use of certain land for the site, a fact which bespeaks a legislative purpose to allow speedy construction of the new jail in order to alleviate the severe overcrowding crisis presently existing in Essex county's existing correctional facilities. The enabling legislation, therefore, did not create any special connection with the Ward Commission legislation and the selection of the site for the project. In the circumstances of this case, there is no basis for concluding that the claims asserted by the town have any greater stature than those asserted by the taxpayers. The town's claims are also concluded by the above discussion.

2. The plaintiffs argue that they were at least entitled to an order (in the nature of mandamus) directing the State defendants to promulgate rules and regulations and to take the other actions required of them by the Ward Commission legislation. Based on the affidavits submitted, the judge concluded in his memorandum that the State defendants have not complied with what is expected of them by that legislation. However, he treated the request for an order in the na-

ture of mandamus as encompassed within the fact that the Ward Commission legislation did not bar going forward with the project, and apparently declined mandamus because the plaintiffs had not demonstrated that they were strictly entitled to that relief.

In some circumstances, a court might enter a general order against the State defendants requiring them to comply with the obligations imposed on them by the Ward Commission legislation within a specified period of time. Such circumstances are not present in this case. The record indicates that the State defendants have made substantial progress toward meeting their obligations under G. L. c. 7, §§ 40K-40M. They have, for example, drafted regulations, engaged in collecting data concerning the extent of the Commonwealth's real property, and made plans to form an advisory council. The clear impression given is that a court order is not needed to prompt the State defendants to continue with their efforts to satisfy the Ward Commission legislation. Likewise, it appears that what remains undone has not had any significant adverse effect on the public interest and has had no adverse effect on this particular project.

Decisions have, in varying contexts, consistently followed the principle that the question whether an order in the nature of mandamus should issue is a largely discretionary one. See *Elmer* v. *Commissioner of Ins.*, 304 Mass. 194, 199 (1939); *Security Co-op. Bank* v. *Inspector of Bldgs. of Brockton*, 298 Mass. 5, 5-6 (1937); *McNeil* v. *Mayor of Peabody*, 297 Mass. 499, 502 (1937); *Blake* v. *Hammersley*, 288 Mass. 247, 249 (1934); *Electro-Formation* v. *Ergon Research Laboratories, Inc.*, 284 Mass. 392, 395 (1933). The judge acted within his discretion in refusing to issue such an order in this case.

3. There is nothing in the verified complaint, even generously read, see *Nader* v. *Citron*, 372 Mass. 96, 98 (1977), which states a claim against the county commissioners. Their responsibility is principally predicated on the assertion by the plaintiffs that they are cooperating with the State defendants in the processing of an unlawful plan, and thus, in various

ways, are acting as "agents" of the Commonwealth in making illegal expenditures. Our conclusion that the project is proceeding lawfully rules out the assertion.

4. The judgment dismissing the plaintiffs' complaint against the county commissioners is affirmed.

The judgment under Mass. R. Civ. P. 56 in favor of the State defendants is modified to include a declaration that they may proceed with site acquisition, design, and construction of the planned Essex County jail and house of correction in the town of Middleton because proceeding with that project does not violate G. L. c. 7, §§ 40D, 40K, 40L, or 40M. As so modified, this judgment is affirmed.

*So ordered.*