EVELYN B. RANSOM *vs.* MAYOR OF THE CITY OF BOSTON
& another.

Suffolk.    November 23, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Veteran.   Civil Service.   Mandamus.   Election.   Practice, Civil,* Election of
Remedy.

A veteran employed by a city as a laborer under R. L. c. 19, §§ 23, 24, and
the rules made by the civil service commissioners under the last named
section, who wrongfully is discharged and refused employment by the city
while there is work to be done of the kind for which he was employed and he is
competent to perform it, may compel his reinstatement by a writ of mandamus
addressed to the mayor of the city and the head of the department in which he
was employed although he has brought an action of contract against the city,
which still is pending, to recover the wages which he lost during the time that
he was excluded from employment.

PETITION, filed July 6, 1905, and amended July 24, 1906, for
a writ of mandamus addressed to the mayor and the superin-
tendent of public grounds of the city of Boston, ordering them
to reinstate the petitioner in his employment as a laborer in the
public grounds department of that city.

The case was heard by *Loring,* J.   The petitioner made an
offer of proof tending to show that he was a veteran within the
meaning of the civil service laws ; that he had been employed as
a laborer in the public grounds department and subsequently
was discharged without a hearing ; and that he was refused fur-
ther employment although there was work to be done in that
department which the petitioner was capable of doing and ready
to do.

It further appeared that on November 4, 1903, the plaintiff
brought an action of contract against the city of Boston for the
wages lost by him during the period in which he was refused
employment.   At the trial of that action in the Superior Court
the presiding judge ordered a verdict for the defendant, and the
plaintiff alleged exceptions, which were sustained by this court
on June 20, 1906, in a decision reported in 192 Mass. 299.   That
action was pending when the petition was filed.

At the conclusion of the reading of the offer of proof, the justice ruled that the petitioner had mistaken his remedy and that the offer of proof did not show that the petitioner had a right to a writ of mandamus. He excluded the evidence offered and ruled that the petition could not be maintained. The petitioner alleged exceptions.

*J. K. Berry,* (*E. C. Upton* with him,) for the petitioner.

*P. Nichols,* for the respondents.

SHELDON, J. Upon the petitioner's offer of proof, he had a right to employment by the city of Boston, so long as he was able to do the work for which he was employed and the occasion for that work continued. R. L. c. 19, §§ 23, 24. The rules established by the civil service commissioners under the latter section, so far as they bear upon this question, are referred to in *Ransom* v. *Boston*, 192 Mass. 299, in which the rights of this petitioner to recover wages were considered.

But it is contended by the respondent that the petitioner is not entitled to enforce this right by mandamus to compel the respondents to reinstate him in the employment which has been wrongfully taken from him; that his sole remedy is by an action of contract to recover the pecuniary damage which he has suffered by the breach of his contract of employment; and at any rate that, having brought such an action, which is still pending (see *Ransom* v. *Boston, ubi supra*) he has elected to avail himself of a remedy inconsistent with that which he now seeks, and so cannot maintain this petition.

It is not disputed that when a public officer has been unlawfully ousted from his position the proper means for him to regain his office is by petition for a writ of mandamus. *Fowler* v. *Brooks,* 188 Mass. 64, 65. *Russell* v. *Wellington,* 157 Mass. 100. *Conlin* v. *Aldrich,* 98 Mass. 557. It is already settled that the petitioner's rights are on a par with those of a public officer. As was said in the opinion in *Ransom* v. *Boston*, 192 Mass. 299, " We see no valid distinction, at least as to the right to continued employment, between the case of a veteran who has been duly registered, certified and employed in the labor service of a city or town and the case of a veteran who has been duly examined, registered and employed as a public officer. . . . The Legislature intended to provide as much in the former case

as in the latter for the continuous employment of a veteran. . . .
The manifest purpose of the statute was to secure the employment of veterans in the labor service of the Commonwealth and its cities and towns in preference to all other persons except women, if the veterans are competent to perform the labor." We ought not to say that the officers of the city of Boston can frustrate this legislative intent with no other liability than for the payment of damages to the particular individual who has suffered by their misconduct.

Nor has the petitioner elected, by bringing his former action, to enforce a remedy inconsistent with that for which he now asks.    According to his offer of proof, that action was brought for the wages which he had lost for the time during which he was excluded from his employment.   His position in that action was the same as it is in this petition, that he was still lawfully in the employment of the city and had a right to remain so. That action was not for the recovery of damages for the wrongful breach of his contract.   Accordingly the doctrine of *Butler* v. *Hildreth*, 5 Met. 49, and the numerous cases which have followed that decision cannot harm the petitioner, even if we should hold that the prosecution of one remedy was barred by the mere fact that the same claimant had previously, in another proceeding, sought to recover upon a different and inconsistent ground. Nor is there anything in the opinion in *Ransom* v. *Boston*, 192 Mass. 299, at variance with sustaining this petition.    The statement that the petitioner should not be required to establish his rights by mandamus before maintaining that action, or be restricted to a remedy for the recovery of his wages against the person who had been employed in his stead, is far from being a decision that he could not maintain a petition for mandamus to be reinstated in his rightful employment.

The petitioner has no such plain and adequate remedy by an action for damages that he should be denied relief in this manner.    The damages that he could recover in an action for the breach of his contract of employment must be conjectural, and might well be inadequate ; at any rate they could not be assessed with any degree of certainty.   Successive actions for the amount of his wages, as these should accrue from time to time, would be far from giving him adequate redress.   He is entitled to receive

his wages weekly, R. L. c. 106, § 62, not at such intervals as might make it worth his while to institute actions therefor. He has a right to receive the full amount of his wages, not lessened by the expense of recurring litigation. It is only in such a proceeding as this that a full measure of relief can be given to him. *Raisch* v. *Board of Education,* 81 Cal. 542.

There is sufficient authority to say that this petitioner, having no other adequate redress, may by mandamus compel the respondents to perform the public duty to continue his employment which rests upon them. *Sullivan* v. *Gilroy,* 55 Hun, 285. *People* v. *Hayes,* 94 N. Y. Supp. 754. *People* v. *Morton,* 24 App. Div. (N. Y.) 563. *In re Ostrander,* 12 Misc. (N. Y.) 476. *People* v. *Sutton,* 88 Hun, 173. *People* v. *Board of Public Parks,* 17 N. Y. Supp. 589. *Shaw* v. *City Council of Marshalltown,* 104 N. W. Rep. 1121. *Union Pacific Railroad* v. *Hall,* 91 U. S. 343, 355, quoted in *Attorney General* v. *Boston,* 123 Mass. 460, 479. The respondents, on the petitioner's offer of proof, have no discretionary power to act or to refuse to act; but it is their duty to reinstate him in his employment. He has an absolute right to their performance of that duty. *French* v. *Jones,* 191 Mass. 522, 531.

*Exceptions sustained.*