## EVELYN B. RANSOM *vs.* CITY OF BOSTON.
## SAME *vs.* SAME.

Suffolk.    March 26, 1907. — September 4, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions, Findings of judge, *Res judicata.* *Mandamus.* *Veteran.* *Civil Service.* *Damages.*

On an exception to the refusal of a judge sitting without a jury to give a ruling involving findings of fact, if the facts found by the judge are inconsistent with the ruling refused and there is evidence to warrant his findings, the exception must be overruled.

A decision of this court, that a veteran employed by a city as a laborer and discharged in violation of the rules of the civil service commissioners is entitled to a writ of mandamus to compel his reinstatement, is an adjudication that there has been no acquiescence by the veteran in the illegal acts of the city and that he has availed himself seasonably of his rights in the premises, and establishes these facts in an action of contract by the veteran against the city to recover the wages which he would have received if he had been employed continuously until the date of the filing of the petition for the writ of mandamus.

A veteran employed by a city as a laborer, who is entitled to the protection afforded by R. L. c. 19, § 23, which provides that a veteran in the employment of a city shall not be removed or suspended, "except after a full hearing of which he shall have at least seventy-two hours' written notice, with a statement of the reasons for the contemplated removal" or suspension, has an absolute right to such notice and hearing before his discharge or suspension, and it is no excuse for a failure of the city to give him such a hearing that he never applied for one.

At the trial of an action of contract by a veteran against a city by which he had been employed as a laborer and had been discharged without a hearing after seventy-two hours' notice thereof in violation of R. L. c. 19, § 23, to recover the wages which he would have received if he had been employed continuously, the judge, who heard the case without a jury, refused to rule, at the request of the defendant, that, if the plaintiff had been guilty of such misconduct and neglect of duty as to make his removal inevitable in case he had been given a hearing, he could recover only nominal damages. There was no evidence of such acts or omissions on the part of the plaintiff as would preclude him from relying

upon his right to continuous employment. *Held*, that the refusal was right, that the question was not whether the plaintiff ought to have been removed or could have been removed but whether he was removed, he having a right to continuous employment until removed lawfully; also that the judge might have refused to give the ruling on the ground that he did not find sufficient facts to warrant a removal, in which case no exception would lie.

At the trial of an action of contract by a veteran against a city by which he had been employed as a laborer and had been discharged without a hearing after seventy-two hours' notice thereof in violation of R. L. c. 19, § 23, to recover the wages which he would have received if he had been employed continuously, the judge, who heard the case without a jury, found that the defendant had suspended and discharged the plaintiff unlawfully. He found that before a certain date the plaintiff was suspended from time to time but had reason to believe that he soon might be employed again, but that on the date named he was discharged finally, and then must have understood that he was not wanted and thereafter had no reason to suppose that he might be employed again by the city, yet made no effort to get other employment. The judge ruled that during the first period the plaintiff could recover the wages he would have earned if he had been employed continuously, but that for the period after the date of his final discharge the plaintiff could recover only nominal damages. *Held*, that the ruling was right; that, when it became clear to the plaintiff that nothing short of a mandate of the court after litigation would procure his reinstatement, it was his duty to seek employment elsewhere.

RUGG, J.   These are actions of contract brought to recover wages, which the plaintiff would have received, if employed continuously by the defendant, in the first action, from May 6, 1895, to November 4, 1903, and, in the second, from November 5, 1903, to July 5, 1906.

The first action was before this court in 192 Mass. 299.   The plaintiff's petition for a writ of mandamus to restore him to the labor service in the employ of the defendant brought in July, 1905, was passed upon in 193 Mass. 537.

A judge of the Superior Court * found as facts that the plaintiff was a veteran of the civil war within the meaning of St. 1896, c. 517, § 1 (R. L. c. 19, § 20), and as such veteran was duly registered, certified and employed as a common laborer in the public grounds department of the defendant on May 6, 1895, and continued eligible for the employment in such service until the bringing of these actions; that there was continuous work, of the kind to which he was entitled, from his first employment to the bringing of these actions, and that other laborers, not veterans, were given employment during all the times when the plaintiff was laid off or suspended, to which the plaintiff was

---

* *Pierce*, J.

entitled ; that the plaintiff was never given any legal hearing, nor properly discharged, and has never waived his rights to employment as a veteran, except for a period not now in controversy ; and that he is an employee of the defendant in the public grounds department at a fixed salary; that the plaintiff was illegally discharged in April, 1903, and must then have understood that he was not wanted, and had no reason thereafter to suppose that he might be soon employed, and made no effort to get other employment; that before April, 1903, although suspended from time to time, he had reason to believe that he might soon be employed. Upon these facts the judge ruled that the plaintiff was entitled to recover only nominal damages after April, 1903, and found for the plaintiff in the first action for the sum of $647.50. The defendant brings the first case before us on its exceptions, and the plaintiff the second on his exceptions in that case.

1. The first exception argued by the defendant is to the refusal of the judge to rule that the plaintiff was not entitled to recover damages for the periods in the winters of 1898 to 1901 during which he did not work. The primary argument in support of this exception is based upon the proposition that the head of the defendant's public grounds department may properly retain for continuous service throughout the year those persons classified by the civil service commission as sodders and gardeners, even though there may be no work of the kind which they perform during the summer, by giving them work temporarily during the winter, of the kind which the plaintiff was competent to do. See *Clark* v. *Boston*, 179 Mass. 409. But this argument is disposed of by the finding of the judge that other laborers, not veterans, and it does not appear that such other laborers were classified as gardeners or sodders, were given employment of a kind to which the plaintiff was entitled, during all the time for which the plaintiff claims pay. There was evidence to support this finding from the testimony of the plaintiff. Although some evidence to the contrary was introduced by the defendant, we cannot pass upon its weight, nor revise the finding, unless it was unwarranted by the evidence, which is not the case here. The same answer is to be made to the second argument in support of this exception, to the effect that the plaintiff acquiesced in the

refusal of the defendant to give him employment. The judge did not find such acquiescence, and the evidence of the plaintiff that he remonstrated against his suspension, and that during two winters of his service he was given continuous employment during the winter, as weather permitted, and the further fact that there was no regularity in the time of his suspension or re-employment, the former varying from November 27 to January 30, and the latter from March 7 to April 3, justified the refusal of the judge to grant this ruling and his additional finding that before April, 1903, the plaintiff had reason to believe that he might soon be re-employed. Moreover, the holding that a writ of mandamus might be granted to the plaintiff, 193 Mass. 537, is, of itself, an adjudication that, under the circumstances disclosed in this case, there has been no acquiescence by the plaintiff in the illegal action of the defendant, and that he has seasonably availed himself of his rights in the premises. *Streeter* v. *Worcester*, 177 Mass. 29. *Hill* v. *Fitzgerald*, 193 Mass. 569.

2. The defendant next argues that, inasmuch as the plaintiff never applied for a hearing, he cannot recover. This contention is unsound. It has been decided that the plaintiff was entitled to the protection afforded by R. L. c. 19, § 23. This section provides, so far as material to the plaintiff's claim, that "No veteran who holds an . . . employment in the public service . . . of any city . . . shall be removed or suspended . . . except after a full hearing of which he shall have at least seventy-two hours' written notice, with a statement of the reasons for the contemplated removal, suspension. . . . The hearing shall be . . . before the mayor of the city . . . of which he is an employee, and the veteran shall have the right to be present and to be represented by counsel. Such removal, suspension . . . shall be made only upon a written order stating fully and specifically the cause or causes therefor, and signed by said . . . mayor . . . after a hearing as aforesaid." See St. 1905, c. 150. Before May 1, 1901, when St. 1901, c. 339, went into effect, the statute was substantially the same as that above quoted except that there was no provision for the seventy-two hours' written notice. St. 1896, c. 517, § 5. The earlier statute clearly contemplated as an essential prerequisite to any valid removal or suspension, a full hearing before the mayor, at which the veteran

employee should have a right to be present and be represented by counsel.　This by implication meant that the employee should be given a reasonable notice of the time and place of hearing, and perhaps also a statement in some form of the charges, respecting which the hearing was to be had.　The amendment, contained in St. 1901, § 339, and embodied in the subsequent statutes above cited, simply removed any ground for dispute as to what was reasonable, by specifically enacting the time and substance of the notice.　The construction, proposed by the defendant, would be a practical nullification of the statute and a blow at civil service tenure plainly adopted as the policy of the Commonwealth by R. L. c. 19, and acts in amendment thereof. If any further argument be needed beyond the phrase of the section itself, it may be found in the provisions of St. 1904, c. 314, which, by § 2, as to other classes of public officers and employees than veterans, expressly makes the right to a hearing dependent upon request.

3. The defendant's prayer for a ruling that the plaintiff was entitled to nominal damages only, if he had been guilty of such misconduct and neglect of duty as to make his removal inevitable in case he had been given a hearing, was properly refused.　The question is not whether he ought or could have been removed from his employment, but whether he had been removed or suspended.　*United States* v. *Wickersham,* 201 U. S. 390, 399.　The statute provides for an imperative continuance of the employment until the removal.　There might be such acts or omissions on the part of the plaintiff as would preclude him from relying upon his right to continuous employment, but the evidence fails to disclose any circumstances of that sort.　Moreover, the judge may have refused to give the ruling on the ground that he did not find sufficient facts to warrant a removal, which would of itself require the overruling of the exception.　This disposes of all the exceptions which have been argued in behalf of the defendant.

4. The plaintiff contends that the ruling that he was not entitled to recover after April, 1903, and could recover only nominal damages in the second action, was error.　This was based upon the finding that the plaintiff must have understood in April, 1903, that he was not wanted and had no reason there-

after to suppose that he might soon be re-employed, and that he thenceforward made no effort to get other employment. This ruling was in accordance with the paragraph in the former decision, 192 Mass. at page 307, where it was held that the plaintiff might be entitled to recover, and that " as in the ordinary case of a breach of employment, the measure of damages would be determined by the pay he would have earned, less what he earned, or in the exercise of proper diligence might have earned, elsewhere." There is nothing inconsistent with this statement of the law in *Ransom* v. *Boston*, 193 Mass. 537, *French* v. *Lawrence*, 190 Mass. 230, or *United States* v. *Wickersham*, 201 U. S. 390. For a reasonable period of time, during which the employee may believe or hope that the superior officers of the public may be convinced of their wrong, and do what the statute requires toward reinstatement in actual service, the employee may compel payment from the public treasury ; but after the lapse of a reasonable time, when it has become clear that nothing short of the mandate of the court, through litigation, which may be prolonged, will secure the plaintiff in his rights, common fairness requires that he shall not remain passive, but shall seek employment elsewhere. The laborer, and not the idler, is worthy of his wages. Involuntary and wrongful deprivation of the privilege of work may be transmuted into voluntary indolence. The opportunity for corrupt collusion between the unscrupulous superior and the unprincipled subordinate is *so* patent as to make the application of any other rule than that followed by the judge of the Superior Court out of harmony with a proper standard of municipal service, and contrary to justice.

*Exceptions overruled in both cases.*

*J. K. Berry*, for the plaintiff.

*P. Nichols*, for the defendant.