RICHARD R. CAPLES *vs.* SECRETARY OF THE COMMONWEALTH & another.

Suffolk. April 8, 1966. — April 28, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Commonwealth,* Officers and employees. *Public Officer. Equity Jurisdiction,* Declaratory relief.

A suit in equity might be maintained under G. L. c. 231A for a declaratory decree resolving a controversy between the plaintiff and the defendant as to which of them was entitled to hold a public office claimed by both. [639]

Where it appeared in a suit in equity that, following suspension of an official from his office and a temporary appointment of the plaintiff to the office under G. L. c. 30, § 59, as amended by St. 1963, c. 829, §§ 1, 2, the suspended official resigned while still under suspension and thereupon the defendant was appointed to the office, it was held that the plaintiff's appointment was for the period of the suspension, that the suspension was terminated by the resignation, and that the defendant, not the plaintiff, was thereafter entitled to the office. [641]

If the commission of a public official purports to give him a tenure of his office longer than authorized by the statute under which he was appointed to the office, the commission to that extent is void. [641]

BILL IN EQUITY filed in the Superior Court on September 29, 1965.

---

Caples *v.* Secretary of the Commonwealth.

A demurrer to the bill was overruled by *Kalus,* J., and the suit was heard by him on the merits.

*Morris M. Goldings* for the plaintiff.

*William I. Cowin,* Assistant Attorney General, for the defendants.

WILKINS, C.J.    This bill in equity in the Superior Court is purportedly for a binding declaration under G. L. c. 231A as to whether the plaintiff or the defendant Leo L. Laughlin is entitled to the office of Commissioner of Public Safety. Injunctive relief is incidentally sought against the defendant Secretary of the Commonwealth.    From a final decree in favor of the defendant Laughlin the plaintiff appeals.

1.    The defendants demurred to the bill on the ground that "there is no jurisdiction in equity" to make a determination as to "the right to hold a given public office." There are appeals by the defendants from the interlocutory decree overruling the demurrer and from the final decree "for the purpose of saving the procedural question."[1] The demurrer was properly overruled.    Since the enactment of G. L. c. 231A the right to try title to office is not exclusively by petition for writ of mandamus.    There is an actual controversy between the plaintiff and the defendant Laughlin.    No reason is apparent why this type of controversy should be excepted from the remedial objective of c. 231A expressed in § 9 : "Its purpose is to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations, and it is to be liberally construed and administered."    See *Commissioner of Admn.* v. *Kelley, ante,* 501, 504–505.

2.    On July 20, 1961, Frank S. Giles was appointed Commissioner of Public Safety.    By St. 1962, c. 390, enacted April 27, 1962, his term of office was extended to "five years from the date on which he was appointed."    On March 30, 1964, he was suspended from his office pursuant to G. L. c. 30, § 59 (as amended through St. 1963, c. 829, §§ 1, 2).

---

[1] The defendants' petition for late appeal from the final decree was allowed by the county court.   G. L. c. 214, § 28.

*Commonwealth* v. *Giles, ante,* 102. On December 23, 1964,
following an intervening appointment and resignation of
another individual, the plaintiff was appointed "to be
the temporary Commissioner of the Department of Public
Safety" pursuant to and subject to the provisions of § 59.
On September 27, 1965, Giles resigned as commissioner, and
on the following day his resignation was accepted by the
Governor. On September 29 the defendant Laughlin was
appointed and qualified as Commissioner of Public Safety.

After finding the foregoing facts, the Superior Court
judge ruled that the defendant Laughlin is "the legally and
duly qualified Commissioner of Public Safety . . . . The
fact that Mr. Giles's term had been extended[1] . . . did not
and does not entitle the . . . [plaintiff], who was appointed
as the '. . . . temporary officer . . . who shall have all the
powers and duties of the . . . officer suspended . . .' as
provided by Section 59, to continue to serve as the 'tem-
porary officer' upon and after the appointment and quali-
fication of . . . Laughlin, who has been designated by the
governor to fill the vacancy created by the Giles resigna-
tion, so-called."

The material portions of G. L. c. 30, § 59, are the follow-
ing: "An officer . . . of any department . . . created by
the general court, may, during any period such officer . . .
is under indictment for misconduct in such office . . . , if he
was appointed by the governor, be suspended . . . . Dur-
ing the period of any such suspension, the appointing au-
thority may fill the position of the suspended officer . . .
on a temporary basis, and the temporary officer . . . shall
have all the powers and duties of the officer . . . suspended.
. . . If the criminal proceedings against the person sus-
pended are terminated without a finding or verdict of guilty
on any of the charges on which he was indicted, his suspen-
sion shall be forthwith removed . . .." See, generally,
*Bessette* v. *Commissioner of Pub. Works,* 348 Mass. 605,

---

[1] A finding or ruling that the term of Giles was extended five years from
April 27, 1962, instead of five years from the date of his appointment, is
erroneous, but immaterial.

608–609; *Reynolds* v. *Commissioner of Commerce & Dev.
ante,* 193, 194.

The above rulings were correct. The plain meaning of
§ 59 is that a temporary appointment should be for the
duration of the suspension. In this case the suspension
was terminated by the resignation of the suspended officer.
Thereafter the temporary appointee continued to have none
of the suspended officer's powers and duties. We reject
the construction urged by the plaintiff that the only effec-
tive basis for ending the temporary status of the officer
must be by the termination of the proceedings against the
suspended officer without a verdict or finding of guilty.

What we have said also disposes of the plaintiff's conten-
tion under G. L. (Ter. Ed.) c. 30, § 8, that he had not been
"removed."[1]

No weight can be given to any argument based upon the
wording of the plaintiff's commission as temporary com-
missioner which stated that he is "to hold said trust until
criminal proceedings against the suspended commissioner
are terminated" and which authorizes him "to execute and
perform all the duties," and which invests him "with all
the powers and responsibilities, which by our Constitution
and laws, do or may pertain to the said office, so long as he
shall hold the same by virtue of these presents." If the
commission purports to give a longer tenure than author-
ized by the statute, which we do not decide, it is to that
extent null and void.

The trial judge correctly ruled that the letter sent to the
Governor by Giles could not affect or control the effect of
§ 59.

*Decree affirmed.*

---

[1] "A public officer appointed for any term by the governor . . . shall hold
his office during the term for which he is appointed . . . unless he is sooner
removed in accordance with law."