POLICE COMMISSIONER OF BOSTON *vs.* ROBERT W. CICCOLO.

Suffolk.   November 5, 1969. — December 30, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Damages,* Back pay, Mitigation of damages. *Public Employment.   Civil Service.   Mandamus.   Words,* "Without loss of compensation."

Review of the history and present status of the rights of discharged public employees. [556–559]
Where a municipal employee in the civil service was discharged in full compliance with the procedures prescribed in G. L. c. 31, § 43, but in a proceeding for review in a Municipal Court under § 45 the discharge was reversed with an order for his reinstatement to his position "without loss of compensation," it was held that the compensation recoverable by him for the period between his discharge and his reinstatement was subject to mitigation by the amount which he earned or could have earned in that period. [559]

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on July 25, 1968.

The suit was reserved and reported by *Spalding,* J.

*John A. Fiske,* Assistant Corporation Counsel, for the plaintiff.

*John A. Pino* for the defendant.

SPALDING, J.  In compliance with the procedures prescribed in G. L. c. 31, § 43 (a), (b), (d), and § 45, Robert W. Ciccolo (defendant), a patrolman in the Boston police

department, was given a hearing before the Police Commissioner (Commissioner) for the city of Boston, which resulted in his discharge. Upon appeal to the Civil Service Commission (Commission), the decision of the Commissioner was affirmed. Upon a petition for review in the Municipal Court of the Dorchester District, the decision of the Commission was reversed and it was ordered that the defendant be "reinstated to his office . . . without loss of compensation." The Commissioner brought this bill in the county court seeking a declaratory adjudication as to the meaning of the phrase, "without loss of compensation," as it appears in G. L. c. 31, § 45, which establishes the right to judicial review of decisions of the Commission discharging employees. The single justice, without decision, reserved and reported the case to the full court on the pleadings and a statement of agreed facts.

The Commissioner's position is that he is entitled to mitigate the damages recoverable by the defendant for the period between his discharge and reinstatement by subtracting the amount he has in fact earned or could have earned during such period from the amount he would have earned but for the discharge. The defendant urges that he is entitled to his entire back salary without mitigation.

To a proper understanding of the question presented, a brief history of the decisions and statutes governing the rights of discharged public employees will be helpful. Prior to the enactment of the statutes under consideration, a person employed as a laborer by a city was permitted to maintain an action of contract to recover the amount of salary lost after a wrongful discharge less what he earned or could have earned elsewhere during that period. *Ransom v. Boston,* 192 Mass. 299, 307. As the court pointed out, this is the rule in the ordinary case of a breach of an employment contract, and the court saw no reason for departing from it where a contract with a city laborer was involved. See *Maynard v. Royal Worcester Corset Co.* 200 Mass. 1, 6–7, where the rule of damages for breach of an ordinary employment contract is stated with full citation of authorities.

Subsequently it was held that although mandamus was an available remedy to compel reinstatement of a wrongfully discharged public employee (*Ransom* v. *Mayor of Boston,* 193 Mass. 537), that remedy was not appropriate for recovering arrears in salary. To accomplish that the employee had to bring a separate action of contract. *Lattime* v. *Hunt,* 196 Mass. 261, 267. *Police Commr. of Boston* v. *Boston,* 279 Mass. 577, 581–583. *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 121. *Henderson* v. *Mayor of Medford,* 320 Mass. 663, 668.

In addition to the development of this case law on the procedural and substantive rights of a public employee unlawfully discharged, the Legislature established a procedure for discharging a public employee and providing him with administrative and judicial review of the decision to discharge. St. 1918, c. 247. Although previous statutes had prescribed similar procedures (see St. 1911, c. 624, St. 1915, c. 251), this statute was the first to require, upon a determination of a District Court that the discharge was without proper cause, that the employee be "reinstated in his office without loss of compensation." The legislative history of this statute is meager and sheds no light on the meaning to be given the words just quoted.

In view of this new statutory remedy it has been held that mandamus will not ordinarily lie. *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193, 199, 200. But that remedy is available where the appointing authority has failed to observe the procedural requirements of G. L. c. 31, §§ 43, 45. *Chartrand* v. *Registrar of Motor Vehicles,* 347 Mass. 470, 473, and cases cited.

The procedures open to a wrongfully discharged employee were altered by the amendment to the mandamus statute in 1949. Chapter 176 of St. 1949 amended c. 249, § 5, by adding language which, in a mandamus proceeding, required the assessment of "any salary or wages to which . . . [the wrongfully discharged employee] may be entitled." This amendment eliminated the necessity of maintaining an action of contract for back salary in addition

to bringing mandamus for reinstatement, as the earlier cases required.

Chapter 31, § 46A, which established a six months' statute of limitations for mandamus petitions involving the unlawful discharge of a public employee, was amended in 1959 to provide a new type of review. St. 1959, c. 569, § 5. Under this amendment if an employee alleges that his employment or compensation has been affected by the failure of the appointing authority to follow the requirements of § 43, he may file a complaint with the Commission. If the Commission determines that the requirements of § 43 were violated, the employee is to be restored to his position "without loss of compensation." This Civil Service review is an alternative — not a prerequisite — to review by mandamus. See 1959 House Doc. Nos. 438, 596, 1459, 2738; *Chartrand* v. *Registrar of Motor Vehicles*, 347 Mass. 470, 477.

From the case law and statutes outlined above there are now three procedures whereby a public employee can be reinstated and recover back salary: (1) administrative and judicial review of the initial decision to discharge, culminating in an order for reinstatement "without loss of compensation" (c. 31, §§ 43, 45); (2) the writ of mandamus, where there is noncompliance with procedural requirements, with an order for payment of the "salary or wages to which the petitioner may be entitled" (c. 249, § 5, as amended through St. 1949, c. 176; c. 31, § 46A); (3) an order of the Civil Service Commission, where there is noncompliance with procedural requirements, requiring reinstatement "without loss of compensation" (c. 31, § 46A). From a review of these remedies, we are of opinion that there is nothing in the applicable statutes or their history to militate against considering them as an entire statutory scheme in attempting to ascertain the meaning of a portion of one of them.

This court has already considered the language, "damages, including any salary or wages to which the petitioner may be entitled" on a petition for writ of mandamus, in *McKenna* v. *Commissioner of Mental Health*, 347 Mass. 674, 676. It saw

"nothing in these words to indicate an intended change in the rule of mitigation applied to a public employee in the *Ransom* v. *Boston cases.*" P. 677. Thus, an employee who has not been accorded the procedures of c. 31, §§ 43, 45, and who seeks reinstatement and damages by mandamus under G. L. c. 249, § 5, and c. 31, § 46A, is subject to the mitigation rule.

If mitigation is permitted in situations where a State agency has used unlawful procedure in discharging an employee, there would seem to be no sound reason for not permitting mitigation where the only issue is whether there are grounds for discharge under c. 31, §§ 43, 45, there being no question of illegal procedure. It is hardly conceivable that the Legislature could have intended that there should be two different rules of damages in cases of unlawful removal, depending on whether one remedy or another was invoked.

We are of opinion that both the statutory scheme and logic compel the conclusion that the phrase "without loss of compensation," whether in §§ 43, 45 or in § 46A is to be interpreted so as to permit mitigation under the principles set forth in *McKenna* v. *Commissioner of Mental Health,* 347 Mass. 674, 675–677. This conclusion is in accord with the rule prevailing elsewhere, irrespective of the procedural context in which the question was raised. See 15 Am. Jur. 2d, Civil Service, § 51; Annotation, 150 A. L. R. 100, 113, et seq; *Kelly* v. *Chicago Park Dist.* 409 Ill. 91, 97–98; *Spurck* v. *Civil Serv. Bd.* 231 Minn. 183, 191–194; *State ex rel. Wilcox* v. *Woldman,* 157 Ohio St. 264, 270–273.

A decree is to be entered in conformity with this opinion.

*So ordered.*