*Northern District*
No. 8052
**JOHN MUGAVERO, ET AL**
v.
**LAWRENCE HOUSING AUTHORITY**
Argued: June 14, 1973 - Decided: Sept. 27, 1974

*Present:* Cowdrey, P.J., Bacigalupo, Forte, JJ.
Case tried to *Durkin, J.* in the District Court
of Lawrence, No. 2034 of 1971.

**Cowdrey, J.** This is an action in contract in
which the plaintiffs seek recovery for wages
alleged to be due from the defendant. An an-
swer in abatement filed by the defendant de-
nying jurisdiction of the court was sustained.

The defendant is a Housing Authority as
defined in G.L. c. 121-B, § 1, and the rates of
wages to its employees under G.L. c. 121-B,
§ 29, are proscribed by the Commissioner of
Labor and Industries.

The plaintiffs are employees of the defen-
dant and are subject to the provisions of G.L.
c. 121-B, § 29, wherein it is provided that an
employee of the Housing Authority who has

a total period of 5 years uninterrupted service cannot be involuntarily separated therefrom except in accordance with the provisions of G.L. c. 31, §§ 43 and 45 (Civil Service).

The plaintiffs, having more than 5 years tenure, held a job classification as maintenance working foremen at a salary of $184.80 per week, and on October 13, 1970, due to the adoption of a new personnel policy, they were reclassified as ''maintenance aides at their present salary''. Until November 10, 1971, the plaintiffs received $184.80 per week even though the position of maintenance aide carried a salary of $152.00.

On November 24, 1970, the Commissioner of Labor and Industries determined that the wages of maintenance working foremen should be $212.40 per week retroactive from May 3, 1970, to October 13, 1970. The plaintiffs received such retroactive pay for the period May 3, to October 13, 1970.

The plaintiffs in this action seek to recover the difference between $184.80 per week and $212.40 per week from October 13, 1970 to November 10, 1971, contending that their ''present salary'' as of the date of reclassification was $212.40.

The defendant argues that the plaintiffs having been reclassified to a lower position were involuntarily separated from their former position and therefore are subject to the provisions of G.L. c. 31, §§ 43 and 45 (Civil Ser-

vice Laws) which provides in part that if a person is lowered in rank or compensation, the person is entitled to a hearing before the appointing authority and also before the Civil Service Commission. The further contention is that the remedy provided in said Chapter is exclusive and the plaintiffs, not having taken advantage of their rights therein, may not now maintain their action. In response to the plaintiffs' requests for rulings, the trial justice upheld the defendants' contention and further found that the plaintiffs "appear to have assented to their change in status" and "in any event . . . . . . appear to have slept on their rights" to proceed under the provisions of G.L. c. 31.

Whether the plaintiffs were voluntarily separated or otherwise, does not seem to us to be of importance. The plaintiffs do not complain as to their reclassification. They do not seek to be reinstated to their former status. They do not seek compensation lost by reason of any change in status. They simply seek a judicial determination as to what their weekly wages were when they were reclassified to a lower position at their "present salary".

G.L. c. 31 does not appear to be the exclusive remedy for all matters pertaining to the compensation of public employees. In *Huntoon* v. *Quincy,* 349 Mass. 9 (1965) an action of contract to recover salaries alleged to be due to civil service employees of the City of Quincy

was permitted to be maintained where the procedural requirements of the civil service laws had not been followed and mandamus was not then available. The case of *Police Commissioner of Boston* v. *Ciccolo,* 356 Mass. 555 (1969) does not appear to us to preclude the traditional remedy for breach of contract.

The answer in abatement is overruled and the case is remanded for further proceedings.