**Nilda SALDANA SANCHEZ, et al., Plaintiffs, Appellants,**

v.

**Ramon VEGA SOSA, et al., Defendants, Appellees.**

No. 98–2067.

United States Court of Appeals, First Circuit.

Submitted April 5, 1999.

Decided April 15, 1999.

Antonio Bauza Torres on brief for appellants.

Carlos Lugo–Fiol, Solicitor General, Edda Serrano–Blasini, Deputy Solicitor General, and Irene S. Soroeta–Kodesh, Assistant Solicitor General, on brief for appellees Vega Sosa and Ferrer.

Aldarondo & López Bras, Eliezer Aldarondo Ortiz, Claudio Aliff Ortiz and Pablo Landrau Pirazzi on brief for appellee López Gerena.

Before SELYA, BOUDIN and STAHL, Circuit Judges.

SELYA, Circuit Judge.

Plaintiffs, former employees of the Municipality of Humacao, alleged that they were dismissed from non-policymaking positions in the municipal government on

account of their political affiliations. *See Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). After a trial that lasted upwards of three weeks, the district court submitted the case to the jury. In respect to compensatory damages, the court charged as follows:

> If you find that [a] defendant is liable to [a] plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered.
>
> You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

The jury found the defendants liable and awarded compensatory damages in varying amounts to the several plaintiffs.

The plaintiffs then filed a post-verdict motion requesting equitable relief. The district court ordered some incremental redress (e.g., reinstatement) but refused to award back pay, principally on the ground that back pay was subsumed by the jury's compensatory damage awards. *See Saldaña Sanchez v. Vega Sosa,* Civ. No. 90–1403(PG), slip op. at 5 (D.P.R. March 21, 1997) (unpublished). The plaintiffs appeal from the denial of back pay.

The plaintiffs' basic argument is that the trial court "erred in denying back pay to plaintiffs as the issue of back pay

was not placed to the jury as one of the factors to be considered when awarding compensatory damages." Appellants' Brief at 3. We reject this argument for three interrelated reasons.

***First:*** This case is controlled by our decision in *Santiago–Negron v. Castro–Davila,* 865 F.2d 431 (1st Cir.1989), in which we held:

> [I]n a § 1983 case based upon an alleged unconstitutional political firing where the issues of liability and compensatory damages will be determined by a jury, back pay shall be considered by the jury as one of the items of compensatory damages.

*Id.* at 441. We explained that:

> Submission of the issue of back pay to the jury as a factor to be considered in its award of compensatory damages eliminates the inevitable overlap between compensatory damages and back pay. In most cases of an alleged unconstitutional firing, there will be evidence of the employee's pay. To expect a jury to ignore this is unrealistic, especially where it may constitute the major item of compensatory damages.

*Id.* We have followed the same rationale in subsequent cases. *See, e.g., Perez–Serrano v. DeLeon–Velez,* 868 F.2d 30, 32–33 (1st Cir.1989); *Cordero v. De Jesus–Mendez,* 867 F.2d 1, 6 (1st Cir.1989).

Like *Santiago–Negron,* this was a political reprisal case in which a jury trial had been demanded, *see* Fed.R.Civ.P. 38(b), and the issues of liability and compensatory damages were therefore to be determined by a jury. In such circumstances, our precedents are squarely on point. Thus, the district court properly followed the teachings of *Santiago–Negron* and refused to augment the damage awards with back pay awards.

***Second:*** The plaintiffs contend that *Santiago–Negron* and its progeny should not govern here because the lower court's instructions did not explicitly tell the jury

that it could consider back pay in calculating the quantum of compensatory damages.[1] This contention lacks force. There was no such express instruction in *Santiago–Negron* itself. *See Santiago–Negron,* 865 F.2d at 441. Seen in that perspective, the *Santiago–Negron* rule contemplates that, with or without an affirmative instruction, a jury, having heard evidence of lost wages and being left at liberty to consider that evidence, is all too likely to factor those foregone wages into the decisional calculus. *See id.* at 441–42; *see also Cordero,* 867 F.2d at 6–7. Here, the plaintiffs concede that the jury heard evidence of their lost wages, and they do not claim that the court instructed the jury to disregard this evidence in computing compensatory damages. Thus, *Santiago–Negron* applies.

**Third:** This might be a different case, of course, if the plaintiffs had requested that the trial court give an explicit instruction (either one placing back pay squarely within the jury's contemplation, or one removing it from the jury's ken). However, in the meager appellate record that the plaintiffs have produced, there is no sign that they made such a request— and, in their brief, they do not claim to have done so. Even more important, the plaintiffs have not alleged that they seasonably objected to the charge that the trial court in fact gave. Failure to object to jury instructions at the time and in the manner specified by Fed.R.Civ.P. 51 constitutes a forfeiture. *See, e.g., Elliott v. S.D. Warren Co.,* 134 F.3d 1, 5–6 (1st Cir.1998); *La Amiga del Pueblo, Inc. v. Robles,* 937 F.2d 689, 691–92 (1st Cir.1991). We see no reason to relieve the instant plaintiffs from the easily foreseeable consequence of such an omission.

We need go no further. The plaintiffs had a bite of the apple when the judge submitted the question of compensatory damages to the jury. They were not entitled to a second bite after the jury delivered its verdict.

**Affirmed.**

---

1. Although we assume, favorably to the plaintiffs, that their premise is true, it is by no means clear that the court's charge was as inexplicit as they contend. At one juncture (albeit at a remove from the instruction on compensatory damages), the court did tell the jury:

Actual damages include any wages or fringe benefits you find plaintiff would have earned in [his/her] employment with defendant if [he/she] had not been discharged ..., *minus* the amount of earnings and benefits from other employments received by [such] plaintiff during that time.