### SBA COMMUNICATIONS, INC., Plaintiff,

#### v.

### ZONING COMMISSION OF TOWN OF BROOKFIELD, Defendant.

#### No. 3:00 CV 0006 GLG.

United States District Court, D. Connecticut.

May 1, 2000.

John W. Knuff, Hurwitz & Sagarin, Milford, CT, for SBA Communications, Inc.

Thomas R. Gerarde, Bruce J. Gelston, Howd & Ludorf, Hartford, CT, Thomas A. Rouse, Brain C. Roche, Pullman & Comley, Bridgeport, CT, for Brookfield Zoning Commission.

### Memorandum Opinion

GOETTEL, District Judge.

Plaintiff SBA Communications, Inc. ("SBA") brings this action against Defendant Zoning Commission of the Town of Brookfield (the "Commission") alleging violations of the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7), arising from the Commission's denial of SBA's application for permits to construct a wireless communication facility on a particular site in the town of Brookfield. Plaintiff sets out five counts in its Complaint, seeking: (1) declaratory judgment; (2) permanent injunction; (3) writ of mandamus; (4) permanent injunction, costs, and attorneys' fees pursuant to 42 U.S.C. § 1983; and (5) costs and other relief pursuant to violations of unspecified state laws.

Defendant now moves to dismiss Counts One, Three, and Four of SBA's Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff has failed to state a claim upon which relief can be granted. For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss Counts One and Three, and DENIES the motion to dismiss Count Four of the Complaint.

## 1. Count One—Declaratory Judgment

In Count One of its Complaint, Plaintiff seeks declaratory judgment pursuant to 28 U.S.C. § 2201, based on Defendant's alleged violations of the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7). Defendant maintains that declaratory judgment is not an appropriate remedy for past misconduct. We agree.. *See Gruntal & Co., Inc. v. Steinberg*, 837 F.Supp. 85, 89 (D.N.J.1993).

A court has discretion to grant declaratory judgment "in a case of actual controversy within its jurisdiction ... [to] declare the rights and other legal relations of any interested party ...." 28 U.S.C. § 2201(a). However, a district court is limited to consideration of the four corners of the complaint when reviewing a motion to dismiss. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir.1991). Considering the allegations in Plaintiff's complaint, we find that Plaintiff has asserted Defendant's alleged past misconduct, i.e., the violations of the Telecommunications Act, as the sole basis for declaratory relief. Plaintiff concedes this point in its opposition papers, but argues further that declaratory relief is nonetheless appropriate in this case in order to forestall any subsequent litigation commenced by other parties, e.g., citizens of Brookfield, should Plaintiff prevail in its claims against Defendant. Plaintiff relies on *Lucas v. Planning Board of the Town of LaGrange*, 7 F.Supp.2d 310 (S.D.N.Y.1998) (granting declaratory judgment against third parties challenging consent decree requiring town to issue permits for construction of telecommunications tower). In *Lucas*, however, unlike here, the citizens challenging the commission's issuance of the permits were parties in the action, and thus, an actual controversy existed between interested parties.

Here, Plaintiff seeks to have the Court declare its rights against citizens of the Town of Brookfield who are not party to this action but who might hypothetically bring suit *if* Plaintiff succeeds in this action. We find that any such controversy that might come to pass is not actual or imminent and is therefore too hypothetical to be appropriate for declaratory relief. Furthermore, if the Court eventually grants the injunctive relief which Plaintiff seeks, the principle of defensive collateral estoppel should protect both Plaintiff and Defendant from subsequent litigation of the same issues by other parties.

For the reasons given above, therefore, we GRANT Defendant's motion to dismiss Count One.

## 2. Count Three—Writ of Mandamus

In Count Three of the Complaint, Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1651, directing Defendant to issue the special permits and approvals necessary for the telecommunications facility.

Federal Rule of Civil Procedure 81(b), applicable to the federal district courts, abolished writs of mandamus and provides that relief may be obtained "by appropriate action or by appropriate motion under the practice prescribed in these cases." Fed.R.Civ.P. 81(b). *See also In re Nagy*, 89 F.3d 115 (2d Cir.1996); *Vacheron & Constantin–Le Coultre Watches, Inc. v. Benrus Watch Co.*, 260 F.2d 637, 639 (2d Cir.1958) (Hand, L., J.) (noting that lower courts continue to issue orders that "for brevity, we may still speak of as a mandamus"). Furthermore, this Count substantively duplicates the relief sought in Count Two, in which Plaintiff seeks a permanent injunction requiring Defendant to issue the permits. Although other district courts have granted "writs of mandamus," the

Second Circuit has held, in a similar telecommunications case, that "the appropriate remedy is injunctive relief in the form of an order to issue the relevant permits.". *Cellular Telephone Co. v. Town of Oyster Bay,* 166 F.3d 490, 497 (2d Cir.1999). Therefore, we GRANT Defendant's motion to dismiss Count Three, and we will consider the claims set forth in Count Two as incorporating the substance of this Count.

### 3. Count Four—Section 1983 Claim

Plaintiff asserts a claim under 42 U.S.C. § 1983 in Count Four, alleging that Defendant's denial of its application deprived it of substantive rights secured by the Telecommunications Act. Defendant argues that Plaintiff has no private right of action under section 1983 because Congress implicitly foreclosed redress under that statute by enacting a comprehensive enforcement mechanism in the Telecommunications Act. This Court considered this issue in *Smart SMR of New York, Inc. v. Zoning Comm'n of the Town of Stratford,* 995 F.Supp. 52 (D.Conn.1998), holding that a plaintiff aggrieved by a zoning commission's denial of an application for permits to construct a telecommunications tower could assert a cause of action under section 1983. In that case, we followed the reasoning of the court in *Sprint Spectrum L.P. v. Town of Easton,* 982 F.Supp. 47 (D.Mass.1997), which held that the Telecommunications Act neither provided a comprehensive enforcement scheme nor foreclosed (either explicitly or implicitly) section 1983 claims. Although other courts have concluded otherwise, *see, e.g., Omnipoint Communications, Inc. v. Penn Forest Township,* 42 F.Supp.2d 493, 504–07 (M.D.Pa.1999), we decline to review this issue in a motion to dismiss absent further guidance from the Second Circuit. Therefore, we DENY Defendant's motion to dismiss this Count.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss as to Counts One and Three, and DENIES the motion to dismiss as to Count Four.

SO ORDERED.