William LeBEAU, Paul Dacey, Shawn Puchalski, Michael Cloutier, Jeffrey Sasseville, Robert Orne, Henry Von L. Meyer, IV, Laurie Zukowski, James Ayotte, John Desmarais, Alexander Samia Plaintiffs,

v.

TOWN OF SPENCER, and William R. Shemeth, III, Gary D. Suter, Ralph E. Hicks, Kevin A. Hayes and Vincent P. Cloutier, as they are members of the Board of Selectmen of the Town of Spencer and in their individual capacities, Defendants.

No. CIV.A. 98–40035–NMG.

United States District Court, D. Massachusetts.

Feb. 4, 2002.

Gary S. Brackett, Brackett & Lucas, Worcester, MA, for Plaintiffs.

Peter E. Schwartz, Palmer & Dodge, LLP, Boston, MA, Patrick J. Markey, Robinson, Donovan, Madden & Barry, Springfield, MA, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

### I. *Background*

The plaintiffs in this case brought suit against the Town of Spencer (the "Town") and the members of its Board of Selectmen (the "Board") for injuries arising out of the termination of their employment as part-time police officers in the Town. The plaintiffs filed a nine-count complaint alleging 1) violation of their due process rights pursuant to 42 U.S.C. § 1983 against the Town and the Selectmen as individuals, 2) violation of the Massachusetts Civil Rights Law, M.G.L. c. 12 §§ 11H and I, 3) breach of contract, 4) libel and slander, 5) defamation and 6) intentional infliction of emotional distress. They sought compensatory and punitive damages as well as declaratory relief pursuant to M.G.L. c. 231A and mandamus relief compelling the defendants to reinstate them to their employment positions with back pay.

Prior to trial, the parties settled the case with respect to the breach of contract claim and back pay before May 8, 1997. On October 2, 2001, this Court entered an Order allowing summary judgment against the plaintiffs with respect to the claim for intentional infliction of emotional distress and consolidating the claims for libel, slander and defamation into one claim for defamation (Docket No. 120). After trial, this Court allowed the defendants' motion for a directed verdict against the plaintiffs with respect to their § 1983 claims against De-

fendant Selectmen Ralph E. Hicks and Vincent Cloutier.

The remainder of the case was tried to a jury from October 15, 2001 to November 2, 2001. The jury found for the defendants on all claims except the § 1983 claim against the Town. The jury found that the Town of Spencer violated the rights of William LeBeau, Paul Dacey, Jeffrey Sasseville, Laurie Zukowski, James Ayotte and Alexander Samia to due process in the termination of their employment and awarded the six prevailing plaintiffs compensatory damages in the amount of $2,500 each.

The six prevailing plaintiffs ("plaintiffs") now seek judgment in their favor with respect to their equitable claims for relief. Pending before this Court is the plaintiffs' motion for relief in the nature of mandamus and declaratory judgment (Docket No. 172).

## II. *Legal Analysis*

### A. Mandamus Relief

The plaintiffs seek a writ of mandamus compelling the defendants to reinstate them as police officers in the Town of Spencer with back pay and benefits from May 8, 1997 "until such time as Plaintiffs are removed from their positions in accordance with the Act and the Regulations."[1]

■ Mandamus is an equitable remedy which compels an official to perform a ministerial duty. *Cavanaugh v. United States, et al.,* 640 F.Supp. 437, 441 (D.Mass.1986). It is not clear from the complaint whether the plaintiffs seek mandamus pursuant to state or federal law. Although there was and is no claim for a

---

1. The "Act" refers to Chapter 36 of the Acts of 1975 enacted by the Legislature, and the

"Regulations" are the Town-adopted Rules and Regulations for the Police Department.

violation of either the Civil Service Law ("CSL") or the Rules and Regulations of the Spencer Police Department ("Regulations") in the plaintiffs' complaint, plaintiffs' memorandum argues for mandamus relief primarily under the CSL.

 The CSL proscribes specific procedures to be followed in the suspension or discharge of civil service employees. *See* M.G.L. c. 31 §§ 41–43. Where an appointing authority has failed to comply with the procedural requirements of the CSL, the remedy of mandamus is available. *Police Commissioner of Boston v. Ciccolo*, 356 Mass. 555, 557, 254 N.E.2d 429 (1969). Mandamus is not warranted where other remedies are available under M.G.L. c. 31. *Huntoon v. City of Quincy*, 349 Mass. 9, 16, 206 N.E.2d 63 (1965).

It is important to note that the CSL was re-codified in 1978. The section that explicitly provided for mandamus relief, § 46A, was omitted from the statute. The editorial notes state that § 46A is now codified at § 42. *See* M.G.L. c. 31 § 1 (2000). Although § 42 provides for reinstatement without loss of compensation, the legislature omitted the term "mandamus." *See* M.G.L. c. 31 § 42. Moreover, this Court is aware of no cases since 1978 in which a court has ordered reinstatement pursuant to a writ of mandamus under the CSL.

 Assuming mandamus relief is still available under the CSL, however, that statute does not apply to the plaintiffs in this case. Contrary to the plaintiffs' assertion, Chapter 36 of the Special Acts of 1975 ("Act") did not incorporate by reference M.G.L. c. 31, but rather, exempted the Town of Spencer Police Department from the CSL. Indeed, the title of the Act is "An Act Providing that Members of the Police Department of the Town of Spencer Be Exempted from the Civil Service Laws and Rules and Further Regulating the Ap-

pointment of Members of the Police Department of Said Town."

The plain language of the Act forecloses the plaintiffs' argument that they are entitled to mandamus relief pursuant to the CSL. The Act states that employees of the Town of Spencer may serve until age 65 unless removed by the Selectmen "in the manner provided by chapter 31 of the General Laws." The Act refers only to procedural requirements and does not extend the remedies of chapter 31 to Town of Spencer employees. That conclusion is supported by the Massachusetts Superior Court's decision in *Orne v. Civil Service Commission, et al.*, No. 972511, 1999 WL 1324223 (Mass.Super. March 1, 1999), *aff'd* 51 Mass.App.Ct. 1106, 746 N.E.2d 594 (2001), *further app. rev. denied* 434 Mass. 1107, 752 N.E.2d 242 (2001).

A plaintiff in this case, Robert Orne, was terminated from his employment after a disciplinary hearing conducted by the Town of Spencer Board of Selectmen. Orne appealed his termination to the Civil Service Commission ("CSC") which dismissed the appeal for lack of jurisdiction because, under the Act, Orne was not a civil service employee. *Orne*, 1999 WL 1324223, at *3.

The Superior Court explained that the language in the Act providing that employees may serve until age 65 "unless removed by the selectmen in the manner provided by chapter 31 of the General Laws" could not reasonably be interpreted to mean that Orne was entitled to all the procedural protections provided by the Civil Service laws. *Id.* at *2. The Court held that such language required Orne and his colleagues to be terminated in compliance with the fundamental elements of due process. *Id.* at *3. The Court concluded that:

Because the protections of the civil service statute do not apply to the plaintiff and his former colleagues, the plaintiff is not entitled to CSC review of his discharge.

*Id.*

Accordingly, because the plaintiffs are exempt from the Civil Service Law, they are not entitled to mandamus relief under that statute. The Massachusetts Appeals Court affirmed the Superior Court's decision in an unpublished opinion holding that the Act's language "cannot reasonably be construed to mean" that the removal of Spencer police officers "fall[s] within the ambit of the CSC." *Orne v. Civil Service Commission,* 51 Mass.App.Ct. 1106, 746 N.E.2d 594 (2001). Rather, the Act affords such officers substantially similar procedural protections to those available to civil service employees. *Id.*

The plaintiffs undermine their argument that they are entitled to mandamus relief pursuant to chapter 31 by arguing that the statute of limitations provided under chapter 31 does not apply to them because the Massachusetts courts have decided that they are not "entitled to the full range of appeal remedies under Mass. Gen. Laws c. 31, §§ 41–45." Plaintiffs' Memorandum at 10. They cannot pick and choose portions of the statute according to whether the provisions are favorable to them.

■ The Regulations do not alternatively make the CSL applicable to the plaintiffs. They provide:

Members and/or employees of the Spencer Police Department are subject to disciplinary actions as provided by statute (M.G.L. c. 31 § 43) and such other less severe measures deemed appropriate by the Chief of Police such as letters of reprimand. Procedural requirements regarding notice and hearings shall be observed. Disciplinary actions which may be imposed are . . . punishment duty (M.G.L. c. 31 § 43g); suspension not exceeding five days (M.G.L. c. 31 § 43e) . . . . .

The Regulations set forth the kinds of disciplinary actions that may be taken against the police officers. They do not concern the remedies available to the officers upon a finding that they were unlawfully discharged.

Although mandamus relief is not available to the plaintiffs under M.G.L. c. 31, this Court has the authority to allow mandamus relief under 28 U.S.C. § 1651.[2] Mandamus is, however, a "drastic remedy, suitable only in extraordinary situations." *Town of Wellesley, et al. v. Federal Energy Regulatory Commission, et al.,* 829 F.2d 275, 277 (1st Cir.1987); *Flower Cab Co. v. Petitte, et al.,* 685 F.2d 192, 193 (7th Cir.1982) (section 1983 is "an inapt vehicle for bringing mandamus actions against municipal officials"); *Lutheran Service Assoc. of New England, Inc. v. Metropolitan District Commission,* 397 Mass. 341, 344, 491 N.E.2d 255 (1986).

■ To prevail on a claim for mandamus, plaintiffs must show that 1) they have a clear right to relief, 2) there is no other adequate remedy to obtain the relief they seek and 3) the defendants have a clear duty to act. *Town of Wellesley,* 829 F.2d at 277; *Cavanaugh,* 640 F.Supp. at 441; *Ransom v. Mayor of Boston,* 193 Mass. 537, 539–40, 79 N.E. 823 (1907). Even if plaintiffs establish the conditions for mandamus relief, it is a discretionary writ that

---

**2.** Although Fed.R.Civ.P. 81(b) abolished the writ of mandamus, courts continue to afford such relief. *See Hoffman v. Stump, et al.,* 1998 WL 869972, *5–6, 172 F.3d 48 (6th Cir.1998); *SBA Communications, Inc. v. Zoning Commission of Town of Brookfield,* 96 F.Supp.2d 139, 140 (D.Conn.2000).

the court may deny even if the petitioner complies with the requirements. *Marcano v. Apfel,* 112 F.Supp.2d 227, 229 (D.P.R. 2000).

█ Even if mandamus relief were warranted in this case, reinstatement is not justified on the merits. Reinstatement is an equitable remedy and the decision whether to award it is in the sound discretion of the trial court. *Hiraldo–Cancel, et al. v. Aponte, et al.,* 925 F.2d 10, 13 (1st Cir.1991).

Courts consider several factors in determining whether to order reinstatement of a wrongfully discharged employee including 1) the ability to secure alternative employment, *Hiraldo–Cancel,* 925 F.2d at 14, 2) the burden on the employer, *Rosario–Torres, et al. v. Hernandez–Colon et al.,* 889 F.2d 314, 322 (1st Cir.1989), 3) the amount of time that has elapsed since the discharge, *id,* 4) the likelihood that the employee will be lawfully discharged upon reinstatement, *McKennon v. Nashville Banner Publishing Co.,* 513 U.S. 352, 361–62, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995) and 5) the quality of the relationship between the former employee and employer. *Criado v. IBM Corp.,* 145 F.3d 437, 446 (1st Cir.1998).

█ All of the above factors weigh against reinstating the plaintiffs to their former positions as part-time police officers for the Town of Spencer. The Police Department has undergone a complete reorganization and no longer employs part-time officers. In the interest of public safety, the Police Department employs only academy-trained, full-time police officers. To require the Department the rehire the plaintiffs as part-time police officers would work more than an incidental burden on the Department and render its operations less efficacious. Moreover, because the Department hires only full-time officers, the plaintiffs would be terminated from their employment upon reinstatement as soon as they were afforded a hearing.

The plaintiffs did not seek initial reinstatement by way of a motion for preliminary injunction and almost five years have passed since the plaintiffs were removed from their employment with the Spencer Police Department. During that time, the Department has restructured and the plaintiffs have secured other employment.

Finally, the quality of the relationship between some of the plaintiffs and the citizens of Spencer had deteriorated at the time of their discharge. The evidence showed that the public had very little confidence in some of the plaintiffs as police officers.

Reinstatement is also not readily extended where there are other available methods of redress. *Rosario–Torres,* 889 F.2d at 322 ("the fewer the available methods for redress the more likely that sound legal principles will counsel in favor of reinstatement"). Here, the plaintiffs sought and were awarded compensatory damages.

## B. Back Pay

█ The plaintiffs are not entitled to back pay because the jury awarded them compensatory damages. During trial, the jury heard extensive evidence on lost earnings. This Court instructed the jury that it could award the plaintiffs' lost earnings if it found that the defendants deprived them of their employment without due process of law. Specifically, the Court stated:

The object of compensation allowed by law is to award the equivalent in money to the plaintiff then under consideration for actual past, present and future harm or loss. That amount will be the maximum amount that plaintiff will ever be

able to recover from the defendant or defendants now or in the future.

You may award fair and reasonable compensation for harm caused by any deprivation of the plaintiffs' civil rights as I have explained those rights. Compensatory damages can be awarded to compensate for lost earnings, loss of reputation as well as mental or emotional distress. You should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate the plaintiff then under consideration for all the injuries, if any, you find he or she has suffered.

The Court also instructed the jury not to award lost earnings prior to May 8, 1997 because that claim had been settled. The jury thereafter found that the Town violated the due process rights of the plaintiffs and awarded them the compensation to which the jury believed they were entitled. To allow the plaintiffs' motion for back pay from May 8, 1997 would constitute double recovery for the same harm. *Sanchez v. Sosa*, 175 F.3d 35, 37 (1st Cir.1999).

The *Sanchez* case is on point. There, former employees of the Municipality of Humacao, Puerto Rico brought suit against the Municipality alleging that they were dismissed from non-policymaking positions because of their political affiliations. *Sanchez*, 175 F.3d at 35. The case was tried to a jury and United States District Judge Juan M. Perez–Giminez instructed the jury:

> If you find that a defendant is liable to a plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate

the plaintiff for the damage that the plaintiff has suffered.

*Id.* at 36.

The jury found the defendants liable and awarded the plaintiffs compensatory damages. The plaintiffs thereafter filed a post-verdict motion for equitable relief seeking reinstatement and back pay.

The First Circuit Court of Appeals affirmed the district court's denial of the motion for back pay finding that where a jury determines compensatory damages, those damages should not be augmented with back pay awards even if the trial judge does not give an explicit instruction to the jury to determine lost wages specifically. *Id.* at 37.

Here, the jury heard evidence concerning lost wages and received explicit authorization to consider back pay in determining compensatory damages. The plaintiffs therefore received their "bite of the apple" when this Court instructed the jury on compensatory damages and "are not entitled to a second bite." *Id.*

## C. Declaratory Relief Pursuant to M.G.L. c. 231A

 The Massachusetts Declaratory Judgment Act, M.G.L. c. 231A, authorizes this Court to "make binding declarations of right, duty, status and other legal relations sought." The purpose of the Act is to "remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations." *Caples v. Secretary of the Commonwealth*, 350 Mass. 638, 639, 216 N.E.2d 102 (1966). There must be an actual controversy between the parties for the Court to issue a declaratory judgment. *District Attorney for Suffolk Dist. v. Watson*, 381 Mass. 648, 411 N.E.2d 1274 (1980).

 Because this Court will deny the plaintiffs' motion for mandamus relief,

there is no longer any uncertainty with respect to the status, duties, rights and obligations of the parties. The plaintiffs' claims at law were resolved by the Court's partial summary judgment order as well as by the jury.

### ORDER

For the reasons set forth in the Memorandum above, the plaintiffs' motion for relief in the nature of mandamus and for declaratory judgment (Docket No. 172) is DENIED.

So ordered.