HAYAKAWA ET AL. *v.* BROWN, SECRETARY OF
STATE OF CALIFORNIA, ET AL.

No. A–839.   Decided March 4, 1974

MR. JUSTICE DOUGLAS, Circuit Justice.

Hayakawa desires to run for the Senate from California on the Republican ticket.   He has until March 8, 1974, to file.   When the County Clerk and Secretary of State refused to accept his papers, he petitioned California's Supreme Court for a writ of mandamus.   That court on a 4-to-3 vote denied it, no opinion being written. Hayakawa plans to apply for certiorari here from that denial and meanwhile wants me to stay the order of the California Supreme Court denying mandamus, pending the filing and disposition of a petition for certiorari here. His application also requests me to restrain the state officials from refusing to accept his nomination papers.

The barrier confronting the state officials is § 6401 of the California Election Code which prohibits a candidate from being a candidate of one party when he has within 12 months been registered with another party.   Cases raising the constitutionality of provisions of that character are before the Court and not yet decided in No. 72–812, *Storer* v. *Brown,* and No. 72–6050, *Frommhagen* v. *Brown.*   It would seem at first blush that the present

case, being of the same kind as *Storer* and *Frommhagen*, should be considered along with them.

The difficulty is that I have no way of knowing whether denial of the writ of mandamus rested on an independent state ground. That is an extraordinary writ, the issuance of which is traditionally discretionary. It may be that one acquainted with the labyrinth of California procedure would see the answer more clearly than I do. Yet the federal question—our only fulcrum in the case—has not yet surfaced in the litigation, as denial of mandamus, without more, may conceal a number of independent state grounds.

*Application denied.*