Benjamin **MARCANO,** Petitioner,

v.

Kenneth S. **APFEL,** Respondent.

No. Civ. 00–1037 SEC.

United States District Court, D. Puerto Rico.

Sept. 12, 2000.

Benjamin Marcano–Roman, San Juan, PR, petitioner pro se.

Lisa E. Bathia–Gautier, U.S. Attorney's Office District of P.R., Civil Division, San Juan, PR, for respondent.

**OPINION AND ORDER**

CASELLAS, District Judge.

On January 12, 2000, Petitioner Benjamin Marcano, (hereinafter "Marcano"), filed a petition for a writ of mandamus to be issued against the Commissioner of the Social Security Administration, Kenneth S. Apfel, (hereinafter "Commissioner"), for attorneys' fees that have been earned, approved and withheld from the claimants' lump sum benefits and certified for payment to Marcano by the Commissioner, yet they have not been paid. **(Docket # 1).** The Commissioner filed an answer and motion to dismiss to Attorney Marcano's petition on March 23, 2000. **(Docket # 4).** For the reasons stated below, Respondent's Motion to Dismiss, **(Docket # 4),** is **GRANTED.** Consequently,. Mar-

cano's Petition for a Writ of Mandamus, **(Docket # 1), is DENIED.**

**Factual Analysis**

Attorney Benjamin Marcano filed his petition for a writ of mandamus to compel the Commissioner to pay him attorneys' fees that have been earned, approved and withheld from his clients' lump sum benefits awarded by the Social Security Administration, (hereinafter "SSA"), and certified for payment by the Commissioner. He also alleges that the payment of the outstanding claims is necessary for his ability to continue practicing the law, since his practice is limited to the area of social security disability and virtually all of his income comes from attorney's fees paid by the U.S. Government upon successful administrative representation of his social security clients. Docket # 1 at 2.

Along with his petition for the writ, Attorney Marcano attached copies of several notices of awards sent to various persons, whereby the Commissioner approves payment of attorney's fees pursuant to sections 405(i), 406(a, b) of Title 42 of the U.S.Code, and 20 CFR 404.1730(b). A copy of the award notices was sent to Marcano, presumably as the attorney of record and the person rightfully entitled to the attorney's fees payment. Docket # 1, Exhibits. Petitioner contends that:

> The Commissioner in each of [the Notices of Award] has, in a final decision, determined that the affected client is entitled to payment of benefits, and in each case, the Commissioner has approved the fee agreement between the claimant and the undersigned, has approved a fee in a set amount, and has notified the affected Social Security claimant and the Petitioner herein of the proposed fee.

Docket # 1 ¶ 4. Petitioner further contends that none of the social security claimants disputed the amounts assigned to him for attorney's fees and therefore, he is entitled to payment of the awarded amounts by virtue of sections 405(i), 406(a, b) of 42 U.S.C. and 20 CFR 404.1730(b).

Respondent does not deny that Petitioner's claims are true. However, he argues that the writ should not be issued and that the petition should be dismissed for failure to state a claim upon which relief can be granted. The Commissioner stated that the SSA has made substantial progress on the claims presented by Marcano and that they "continue[ ] to make every effort to resolve the outstanding claims in a timely fashion." Docket # 4 at 3. He further informed the Court that of the thirty-five (35) claims presented by Attorney Marcano, twenty-six (26) have already been paid. Of the nine (9) claims that remain outstanding, five (5) have worker's compensation benefits pending. The remaining four (4) have been referred to the Program Service Center in Maryland for further investigation. *Id.*[1]

**Applicable Law–Requirements for Issuing a Writ of Mandamus**

Section 1361 of Title 28 of the United States Code provides this court with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In this case Petitioner invokes this court's jurisdiction pursuant to § 1361, in order to compel the Commissioner to perform ministerial duties established by 42 U.S.C. § 405(i); 42 U.S.C. § 406(a, b); and 20 CFR 404.1730(b). These statutory provisions create an obligation for the Commissioner of Social Security to certify to the Managing Trustee the name and addresses of persons entitled to payments under the provisions of the Social Security Act. 42 U.S.C. § 405(i). If the person entitled to payment under the Social Security Act was represented before the court or the Commissioner by an attorney; the court or the Commissioner may fix as part of the judg-

---

1. On April 20, 2000, the Petitioner filed a reply informing the Court that only five (5) claims were still pending payment. (Docket # 5 ¶ 2.)

ment a reasonable fee to be payed to the attorney that shall not exceed 25% of the claimant's past-due benefits obtained by the judgment. 42 U.S.C. § 406(a, b). If that is the case, the Commissioner shall then certify for payment the amounts due to the attorney, out of the claimant's past-due benefits. 42 U.S.C. § 406(a)(4).

The parties do not dispute that Marcano's petition for a writ of mandamus seeks to compel the performance of a ministerial duty that is certain and for rights that the petitioner has acquired lawfully pursuant to the statutes cited above. The Commissioner does not dispute either that the payments are due, however he informs the Court that every effort is being taken to pay Petitioner the claims that are still outstanding. A substantial percentage of the claims have in fact been paid. The small number remaining are being investigated.

█ The Court is mindful that the writ of mandamus is extraordinary in nature and seldom granted. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (*per curiam*). Moreover, "[i]n order to insure that the writ will issue only in extraordinary circumstances [the Supreme Court] has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *Id.* (citations and internal quotations omitted.)

█ Even if Petitioner's claims are clear and indisputable [2], we shall then examine whether this case presents the "extraordinary circumstances" required in equity for the writ to proceed. First, we note that most of Petitioner's claims have in fact become moot because they have been paid. The only outstanding claims are admittedly being investigated or have

administrative proceedings that are pending. Perhaps one or two of the claims may have been paid to a different attorney. None of that is relevant for the Court's holding today however, since the Court finds that equitable considerations do not warrant issuing the writ. In spite of the fact that Attorney Marcano has a cognizable claim for the outstanding fees, he first needs to exhaust administrative remedies. The Commissioner is actually performing his duties according to the SSA's established practice and administrative procedure. The issuance of a writ to mandate payment of claims that are being processed is not equitable or sound in these circumstances. *See Honicker v. Hendrie*, 465 F.Supp. 414 (M.D.Tenn.1979) (Mandamus denied because plaintiffs had failed to exhaust administrative remedies and because jurisdiction to review action was vested in another court.)

> Mandamus does not supersede other legal remedies. In order for the court to be warranted in issuing the writ, it must appear not only that the complaining party has a clear legal right to the performance of the particular duty sought to be enforced, but also that he has no other plain, adequate and complete method of redressing the wrong or of obtaining the relief to which he is entitled.

52 Am.Jur.2d *Mandamus* § 46 (1970).

█ In addition, mandamus is a discretionary writ that is not mandatory for the Court to issue even if the petitioner complies with all the other requirements. *National Wildlife Federation v. United States*, 626 F.2d 917, 923 (D.C.Cir.1980) ("That [a] statute permits the issuance of mandamus does not require its issuance. Mandamus is issued at the discretion of the court."), *citing Hayakawa v. Brown*, 415 U.S. 1304, 1305, 94 S.Ct. 1145, 39 L.Ed.2d 457 (1974); *Cartier v. Secretary of State*, 506 F.2d 191, 199 (D.C.Cir.1974),

---

**2.** The Commissioner does not dispute that the claims are due, except perhaps in one or two cases where he stated that they were paid to

the attorney of record, which was not the Petitioner. Docket # 4.

*cert. denied,* 421 U.S. 947, 95 S.Ct. 1677, 44 L.Ed.2d 101; *National Treasury Employees Union v. Nixon,* 492 F.2d 587, 616 (D.C.Cir.1974); 52 Am.Jur.2d *Mandamus* § 39 (1970) ("[M]andamus is not a writ of right ... [I]ssuance or denial of the writ is a matter resting within the sound discretion of the trial court.") Where another branch of government is executing its functions and proceeding according to legally established practices, courts have been "reluctant to afford discretionary relief." *National Wildlife Federation v. U.S.,* 626 F.2d at 924.

For the above stated reasons, the Court finds that this is not a case that warrants issuance of the writ. Petitioner has available other avenues of redress and the Commissioner is actually performing his functions according to the Social Security Act. Therefore, Marcano's Petition for a Writ of Mandamus, **(Docket # 1),** is **DENIED.** The Commissioner's motion to dismiss, **(Docket # 4),** is **GRANTED.** Judgment shall be entered accordingly.

**SO ORDERED.**